**Michael MENASCO and Don Hill, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46222.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

Jim M. Cross, Abilene, for appellants.

Ed Paynter, Dist. Atty., Lynn Ingalsbe, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These appeals are taken from convictions for possession of marihuana. Punishment in each case was assessed by the jury at four years, probated.

Following entry of the judgment on March 28, 1972, appellants timely filed

their motion for new trial on April 6, 1972. On the same day and prior to a hearing or overruling of their motion, appellants filed notice of appeal. On April 25, 1972, appellants filed an amended motion for new trial.

Article 44.08(b), Vernon's Ann.C.C.P., provides that, in a probation case where imposition of sentence is suspended, notice of appeal shall be given or filed within ten days after overruling of the motion or amended motion for new trial, and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict. Clearly, appellants' notice of appeal, filed before the disposition of the motion for new trial by action of the court or operation of law, was premature.[1]

Article 44.08(c), V.A.C.C.P., provides that in all other cases (except probation and death penalty cases) the notice of appeal must be given or filed within ten days after pronouncement of sentence. Thus, in analogous situations, this Court has held that the giving of notice of appeal prior to pronouncement of sentence is ineffective. Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854; Flores v. State, Tex.Cr. App., 419 S.W.2d 203.

In the instant case, appellants' giving of notice of appeal prior to the time set forth in Article 44.08(b), V.A.C.C.P., was ineffective. In the absence of the required notice of appeal, this Court is without jurisdiction to entertain the appeal, and the appeal must be dismissed. Guy v. State, Tex.Cr.App., 455 S.W.2d 277. It is noted, however, as has been pointed out in the above cited authorities, that Article 44.08(e), V.A.C.C.P., provides that the trial court, for good cause shown, may permit the giving of notice of appeal after the

1. The record does not reflect that any action was taken by the trial court on the motion or amended motion for new trial. Under the provisions of Article 40.05, V.A.C.C.P., providing that same "shall be determined by the court within twenty days after the filing of the original or amended motion," appellants' motion for new trial was overruled by operation of law.

expiration of such ten (10) days mentioned in Article 44.08(b), V.A.C.C.P. Upon a showing of good cause, the trial court, in the instant case, may still permit the giving of notice of appeal, and in such event, proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P.

The appeal is dismissed.

Opinion approved by the Court.

## OPINION ON THE APPELLANTS' MOTION TO REINSTATE THE APPEALS

DALLY, Commissioner.

The appellants have now attempted to give notice of appeal under the provisions of Article 44.08(e), Vernon's Ann.C.C.P.[1]

A supplemental transcript has been filed containing the trial court's order permitting the giving of late notice of appeal. That order, in pertinent part, reads:

"ON THIS the 18th day of June, 1973, came on to be heard the motion of defendants Michael Menasco and Don Hill to give notice of appeal after the expiration of ten days mentioned in Article 44.08(c) V.A.C.C.P. and after the time set forth in Article 44.08(b) V.A.C.C.P. in the above styled and numbered cause and after having heard the evidence and argument of counsel is of the opinion that there is good cause shown for the granting such a motion and that in the interest of justice such motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendants Michael Menasco and Don Hill be and they are permitted to give late notice of appeal."

The appellants' motion upon which the order was entered, in pertinent part, reads:

1. Article 44.08(e), V.A.C.C.P. reads as follows:

"NOW COMES Michael Menasco, defendant in Cause No. 10,885-A and Don Hill, defendant in Cause No. 10,886-A in the above styled and numbered causes and files this their application to give notice of appeal after the expiration of ten days mentioned in Article 44.08(c) and after the time set forth in Article 44.08(b) V.A.C.C.P. for good cause, which good cause is as follows:

That your defendants through their attorney of record misinterpreted the time for giving notice of appeal in accordance with Article 44.08(b), which appeal was dismissed by the Court of Criminal Appeals of the State of Texas in Cause No. 46,222, as being ineffective, and in the interest of justice, your defendants should be afforded the opportunity to appeal, and therefore respectfully request the Court to recognize good cause for your defendants giving notice of appeal after the expiration of ten days mentioned in Article 44.08(c) V.A.C.C.P., and after the time set forth in Article 44.08(b) V.A.C.C.P.

WHEREFORE, your defendants pray this Honorable Court find good cause for filing late notice of appeal and enter its order thereon pursuant to Article 44.08(e) V.A.C.C.P."

The phrase "good cause," as used in Article 44.08(e), V.A.C.C.P. authorizing the trial court to permit the giving of late notice of appeal, necessarily implies that such a finding will be based upon sufficient evidence. When the trial court does permit the giving of a late notice of appeal it is subject to the review of this court to determine whether "good cause" has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be by affidavit or sworn testimony.

"For good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days."

■ This record does not contain an affidavit or sworn testimony supporting the trial court's order granting delayed notice of appeal.[2] In the absence of supporting evidence in the record, we cannot determine whether "good cause" was shown in support of the order granting delayed notice of appeal.

The appellants' motions to reinstate the appeals are denied. It is so ordered.

Opinion approved by the Court.

2. Misinterpretation of the statute concerning the time for giving notice of appeal would not be "good cause" to permit the giving of delay notice of appeal.