**Ray Curtis McCUIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47943.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

L. Clifford Davis (Court appointed on appeal), Fort Worth, for appellant.

Tim Curry, Dist. Atty., Michael R. Thomas, T. J. Haire, Jr. and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to murder with malice; the punishment, assessed by the jury, seven (7) years.

On October 27, 1972, appellant appeared before the trial court with his retained attorney and was duly sentenced. At that time, appellant waived his right to appeal to this court orally and in writing. On November 21, 1972, the trial court received a written request from appellant asking for a free record. On April 23, 1973, the trial court entered an order allowing appellant to give notice of appeal. On the same day, after appellant had filed an affidavit of indigency, the trial court ordered a free record for appellant and appointed an attorney to represent him on appeal.

Article 44.08(c), Vernon's Ann. C.C.P., provides that notice of appeal shall be given or filed within ten (10) days after sentence is pronounced. Article 44.-08(e), V.A.C.C.P., allows the trial court to permit the giving of a late notice of appeal for good cause shown. Both a trial court's granting of an out-of-time appeal in a habeas corpus proceeding under Article 11.07, V.A.C.C.P., and a trial court's permitting late notice of appeal under Article 44.-08(e), supra, are subject to review by this court. Menasco and Hill v. State, 503 S.W.2d 273 (Tex.Cr.App.1973) (on motion to reinstate appeal); McDonald v. State, Tex.Cr.App., 501 S.W.2d 111; Perez v. State, Tex.Cr.App., 496 S.W.2d 627; Morrow v. State, Tex.Cr.App., 481 S.W.2d 144; Reed v. State, Tex.Cr.App., 481 S.W.2d 814. In order to sustain a trial court's action granting a delayed appeal, there must be sufficient supportive evidence.[1] Menasco and Hill v. State (on motion to reinstate appeal), supra; McDonald v. State, supra; Perez v. State, supra; Morrow v. State, supra; Reed v. State, supra. In the instant case, there is no evidence which would warrant the trial court's granting a delayed appeal.

The appeal is dismissed.

Opinion Approved by the Court.

---

1. In Menasco and Hill v. State (on motion to reinstate appeal), supra, this court said, "The supportive evidence should be by affidavit or sworn testimony."