**Johnnie Lee ABRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 51400 & 51401.**

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Jerry Secrest, Temple, for appellant.

Joe Carroll, Dist. Atty. and Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from convictions for the offenses of aggravated kidnapping and aggravated robbery, with the punishment being assessed at ninety-nine (99) years in each case, respectively.

We are confronted at the outset of this case with a question of whether or not jurisdiction of this appeal will lie from the trial court's granting of an out-of-time appeal based upon an *apparent* finding that appellant showed "good cause" for filing a belated notice of appeal. See Art. 44.08(e), V.A.C.C.P.

The record reflects that appellant was indicted in Cause No. 22227 for the offense of aggravated robbery and in Cause No. 22230 for the offense of aggravated kidnapping. Appellant was convicted of the offense of aggravated kidnapping by a jury on September 18, 1974, with his punishment being assessed by the jury at ninety-nine years in the Texas Department of Corrections. On October 7, 1974, appellant entered a plea of guilty to the court for the offense of aggravated robbery, and the trial court assessed another ninety-nine-year prison term.

On October 7, 1974, appellant was formally sentenced to ninety-nine-year prison sentences, respectively, with the sentences to run concurrently. The trial court thoroughly and completely advised appellant of his right to appeal and his right to have an appeal perfected if he were indigent, and after consultation with both of appellant's attorneys, the trial court was informed that the appellant did not desire to take an appeal in either case. A waiver of appellant's right to appeal was executed in open court and approved by the trial court.[1] No appeal having been perfected, appellant was transferred to the Texas Department of Corrections shortly thereafter.

Some two and a half months later, appellant filed a pro se motion with the trial court asking for the appointment of counsel

1. The written waiver of appellant's right to appeal was filed only in the aggravated robbery case, trial court # 22227, but that waiver of the right to appeal reflects that it was executed in open court and filed on the date of formal sentencing in both cases.

on his appeal. The trial court appointed counsel for the appellant and the attorney filed a motion for an out-of-time appeal with the trial court, and a hearing was subsequently held on this motion.

During the hearing, appellant testified and acknowledged that he had been advised of his right to appeal, and had voluntarily, knowingly and intelligently waived his right to appeal at the time of formal sentencing. Appellant further acknowledged that he had executed at least one written waiver of his right to appeal. Appellant testified that both the trial court and his attorneys had advised him of his rights to appeal and that he understood all of these rights. Appellant admitted that he was represented by two capable attorneys, both experienced in criminal law and procedure.

Notwithstanding the above admissions, appellant contended that, even though he understood his attorneys' advice, he still believed that he had a right to perfect an appeal at any time thereafter. He maintained that the reason that he did not appeal at the time of sentencing was due to the conditions in the Bell County jail.[2] While appellant admitted that he was not physically coerced by any person to waive his right to appeal, he nevertheless contended that he had a meritorious appeal and requested the trial court to grant said out-of-time appeal for "good cause shown."

■ This Court has continually held that, where a late notice of appeal is filed, "good cause" must be shown to the trial court through affidavits or evidence submitted as to why the notice of appeal was not timely perfected. Without reasons or evidence to support the finding of good cause, an out-of-time appeal cannot be allowed, and of course the trial court's findings are reviewable by this Court. See *Morrow v. State*, 481 S.W.2d 144 (Tex.Cr.App.1972); *Reed v. State*, 481 S.W.2d 814 (Tex.Cr.App.1974); *Menasco v. State*, 503 S.W.2d 273 (Tex.Cr.

App.1973); *McDonald v. State*, 501 S.W.2d 111 (Tex.Cr.App.1973); *McCuin v. State*, 504 S.W.2d 512 (Tex.Cr.App.1974); *Robinson v. State*, 505 S.W.2d 298 (Tex.Cr.App. 1974); *Farris v. State*, 514 S.W.2d 946 (Tex. Cr.App.1974); *Garrison v. State*, 517 S.W.2d 553 (Tex.Cr.App.1975).

■ In the case at bar, the record is replete with evidence that the appellant voluntarily, knowingly and intelligently waived his right, both orally and in writing, to appellate review of his convictions. See *Ex parte Ross*, 522 S.W.2d 214 (Tex.Cr.App. 1975); *Smith v. State*, 513 S.W.2d 586 (Tex. Cr.App.1974). When an appellant makes a voluntary and intelligent waiver of his right to appeal at the time of sentencing, such waiver is effective unless and until a timely notice of appeal is filed. See *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1974). However, in the case at bar, no timely notice of appeal was submitted.

The trial court made no findings as to appellant's credibility concerning his testimony as reasons for not timely perfecting an appeal. There is no corroboration for appellant's testimony in this record. The trial court did not even make findings of fact or conclusions of law in reference to the granting of the out-of-time appeal but, rather, ordered that the entire record be sent to this Court for our review.

■ In view of the clear showing of waiver of the right to appeal, we cannot conclude that appellant's testimony concerning the conditions in the Bell County jail is sufficient to reflect "good cause" for a belated appeal. Even the appellant admitted that he did not first seek to obtain the out-of-time appeal for some two and a half months after he was received in the Texas Department of Corrections. We find it difficult to understand how the conditions of the Bell County jail could have any impact on appellant's decision not to appeal after he had been transferred to the Texas

2. There is no need at this time to detail the various reasons for appellant's displeasure with the conditions of the Bell County jail.

Department of Corrections for such a time period.

In the record before this Court the trial court has not actually made a finding in this case that "good cause" has been shown, and without any findings as to the credibility of appellant's testimony at the hearing, we hold that appellant's uncorroborated self-serving testimony is insufficient to show "good cause" for granting the relief requested. See *Ex parte Young*, 479 S.W.2d 45 (Tex.Cr.App.1972); *Ex parte Rocha*, 482 S.W.2d 169 (Tex.Cr.App.1972).

The appellant having failed to establish good cause for perfecting the belated appeals, the appeals are dismissed.