Lewis **CASTILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01-81-0455-CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 11, 1982.

Harriet Hubacker, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appellant was charged in five indictments with six counts of aggravated robbery and two counts of aggravated rape enhanced with one prior conviction. After signing stipulations, and entering pleas of guilty to each count appellant was sentenced to 40 years confinement on each count with the sentences to run concurrently. Appellant waived his ten day period to file motions, and accepted sentence on January 21, 1980. No oral or written notice of appeal was given by appellant.

On March 12, 1980, the trial court granted appellant's unsworn motion for an out-of-time appeal, pursuant to Tex.Code Crim. Pro.Ann. art. 44.08(e). As grounds therefor, appellant's motion states that appellant pleaded guilty to the several indictments on the condition that pending charges against appellant in Victoria, Texas would be dropped. No evidence of this "agreement" appears in the record. The record does reveal that a prosecutor's recommendation as to punishment was complied with by the trial court. No affidavits or testimony were offered in the trial court in support of appellant's motion.

Tex.Code Crim.Pro.Ann. art. 44.08(e) (Vernon 1979), states:

"[f]or good cause *shown*, the trial court may permit the giving of notice of appeal after the expiration of such ten days." (emphasis added)

In *Menasco v. State*, 503 S.W.2d 273 (Tex. Crim.App.1973), the court writes:

The phrase "good cause," as used in Article 44.08(e), V.A.C.C.P. authorizing the trial court to permit the giving of late notice of appeal, necessarily implies that such a finding will be based upon sufficient evidence. When the trial court does permit the giving of a late notice of appeal it is subject to the review of this court to determine whether "good cause" has been shown. Evidence in the record must support the trial court's order. The supportive evidence should be by affidavit or sworn testimony.

*Id.* at 275.

Absent proof in the record to support appellant's allegation, we cannot determine whether "good cause" exists to support an order granting delayed notice of appeal. Accordingly, the appeal is dismissed.