Librado MOSQUEDA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01-81-0902-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 20, 1983.

Armando Lopez, Houston, for appellant.

Jim Mapel, Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

## OPINION

COHEN, Justice.

After a jury trial, appellant was convicted of a Class A misdemeanor offense, resisting arrest, in violation of Section 38.03, V.T.C.A., Penal Code. The court assessed punishment at a fine of $350.00 and con-

finement in the county jail for 90 days, probated.

We find that we lack jurisdiction of this appeal. Art. 44.08(b), V.A.C.C.P. states that "Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial." Appellant was sentenced May 28, 1981. He filed a motion for new trial on June 4, 1981, which was denied July 9, 1981. His notice of appeal was filed June 4, 1981, at a time when the motion for new trial was still pending. Such a notice is premature. No other notice of appeal was ever filed after June 4, 1981. Thus, appellant failed to comply with Art. 44.08(b), and this court never acquired jurisdiction of this case. *Gordon v. State,* 627 S.W.2d 708 (Tex.Cr. App.1982).[1]

This appeal is dismissed for want of jurisdiction.

---

1.  The State has not complained of lack of jurisdiction, but subject matter jurisdiction cannot result from waiver or agreement of the parties. *Means v. State,* 552 S.W.2d 166, 168 (Tex.Cr. App.1977); *Ex parte Shields,* 550 S.W.2d 670, 677 (Tex.Cr.App.1977); *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Cr.App.1964).