John Eric JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–036–CR.

Court of Appeals of Texas,
Austin.

March 30, 1983.

Walter Splawn, Austin (retained), for appellant.

Ronald Earle, Dist. Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

## ON MOTION FOR REHEARING

SHANNON, Justice.

On motion for rehearing, appellant John E. Johnson complains of this Court's overruling his motion for extension of time for filing the statement of facts. This Court will grant appellant's motion for rehearing and extend the time for filing the statement of facts until April 4, 1983.

Appellant was sentenced on October 27, 1982. Notice of appeal was filed with the district court on November 1, 1982. Motion for new trial was filed on November 3, 1982 and overruled on November 24, 1982. Motion in arrest of judgment was filed on November 19, 1982 and denied on November 30, 1982. Appellant's motion for extension of time to file the statement of facts was filed with this Court on February 3, 1983. In criminal cases, the statement of facts must be filed sixty days after notice of appeal is given. Tex.Code Cr.P.Ann. art. 40.09(3) (Supp.1982). Notice of appeal is to be given within fifteen days after the overruling of a motion or amended motion for new trial, or if no such motion is advanced, within fifteen days of sentencing. Tex. Code Cr.P.Ann. art. 44.08(b) (Supp.1982). For the purpose of giving notice of appeal, a motion in arrest of judgment is to be treated as a motion for new trial. Tex. Code Cr.P.Ann. art. 41.02(c) (Supp.1982).

Although appellant stated in his original motion that notice of appeal was renewed at the time his motion for new trial was overruled, such is not reflected in the record; nor did appellant renew his notice of appeal at the time his motion in arrest of judgment was denied.

In his motion for rehearing, appellant points out that if the sixty-day period begins to run from the day after his motion in arrest of judgment was denied, December 1, 1982, the statement of facts was timely filed within the fifteen-day extension period of Tex.R.Civ.P.Ann. 21c (1979), which is applicable to criminal proceedings. *See*

*Perez v. State,* 629 S.W.2d 834, 838 (Tex. App.1982, no pet.).

Tex.Cr.App.R. 211 (1981) provides:

[w]here not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases.

Tex.R.Civ.P.Ann. 306(c) (1977) states:

[n]o notice of appeal ... shall be held ineffective because prematurely filed; and every such ... notice of appeal ... shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial, if such motion is filed.

The purpose of this rule is such that a party who appeals will not lose his appeal because he filed his notice prematurely. The purpose of Tex.Cr.App.R. 211 is to make the civil and criminal practice as consistent as possible.

■ We find no inconsistency between Tex.R.Civ.P.Ann. 306(c) and Tex.Code Cr.P. Ann. art. 44.08(b), or any other provision of the Code of Criminal Procedure or Texas Criminal Appellate Rules. Accordingly, appellant's notice of appeal will be deemed to have been filed on the date of, but subsequent to, the date of the denial of his motion in arrest of judgment. Art. 41.02(c), *supra.* *See also Mayfield v. State,* 627 S.W.2d 474 (Tex.App.1982, no pet.).

■ Appellant's sixty day period expired on January 31, 1983 (January 29, 1983, the sixtieth day, fell on a Saturday). However, as stated above, we hold Tex.R.Civ.P.Ann. 21c applicable to criminal proceedings. Appellant attached an affidavit of the court reporter to his original motion in which the court reporter stated that he needed additional time in order to complete the statement of facts. The affidavit satisfies the reasonable explanation requirement of Rule 21c. Appellant then had fifteen days from January 31, 1983 to file the motion for extension of time.

Appellant's motion for rehearing is granted and the time for filing the statement of facts is extended until April 4, 1983.