**Randle WILKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0615–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 2, 1983.

Rehearing Denied Jan. 5, 1984.

Discretionary Review Granted
June 6, 1984.

Thomas B. Taylor, Houston, for appellant.

Travis B. Bryan, Bryan, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

OPINION

LEVY, Justice.

The appellant was convicted by a jury of the offense of murder, and the jury assessed his punishment at 60 years confinement.

■ Six grounds of error are presented, but we must note at the outset that this court lacks jurisdiction to entertain this appeal. Only jurisdictional defects can defeat a defendant's right to have his appeal

heard by this court. *Chumbley v. State,* 137 Tex.Cr.R. 491, 132 S.W.2d 417 (1939).

 Following entry of judgment and sentence on June 11, 1982, appellant on the same day filed a motion for new trial. After the hearing on the motion for new trial, but before resolution thereof, appellant filed a written notice of appeal on August 12, 1982. The motion for new trial was denied on August 18, 1982. No subsequent notice of appeal, written or oral, appears in the record after the overruling of the motion for new trial. It is necessary, under art. 44.08(a), Tex.Code Crim.Pro.Ann. (Vernon 1982), for the defendant to give timely notice of appeal as a condition for perfecting an appeal to this court.

Tex.Code Crim.Pro.Ann. art. 44.08(b) (Vernon 1982) provides:

> Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing.

In view of the mandatory language of art. 44.08(b), the August 12th notice of appeal was "premature" and of no effect. *Gordon v. State,* 627 S.W.2d 708 (Tex.Cr. App.1982); *Mosqueda v. State,* 646 S.W.2d 589 (Tex.App.—Houston [1st Dist.] 1983). We are compelled to dismiss this appeal under art. 44.08(b).

 The State has not complained of lack of jurisdiction, but subject matter jurisdiction cannot be conferred or result from agreement, consent, waiver, or request of the parties. *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Cr.App.1964); *Means v. State,* 552 S.W.2d 166, 168 (Tex.Cr.App. 1977).

We further note that art. 44.08(e) of the Code of Criminal Procedure authorizes the court of appeals, for good cause shown, to permit the giving of notice of appeal *after* the expiration of such fifteen day period. No such application has yet been filed with us. This court, in the interest of justice, will always be attentive to substantial efforts to comply with the appropriate statutory rules.

With the foregoing admonitions, this appeal is dismissed.