Richard Charles JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0263–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 20, 1984.

Michael Charleton, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Harris County Asst. Dist. Atty., Rusty Hardin, Harris County Asst. Dist. Atty., Houston, for appellee.

WARREN, EVANS and BULLOCH, JJ.

EVANS, Chief Justice.

 A jury found the appellant guilty of murdering his ex-wife and assessed his punishment at life imprisonment. We have concluded that we do not have jurisdiction to consider the appeal.

The record reflects that the appellant was sentenced on April 18, 1983, and that he gave oral notice of appeal in court that same day. On April 20, 1983, the appellant timely filed a motion for new trial, which the trial court denied on the same date it was filed. The state contends that the appellant's oral notice of appeal was rendered premature and ineffective, because appellant did not subsequently renew his notice of appeal after his motion for new trial was overruled, as required by Tex. Code Crim.P.Ann. art. 44.08(b) (Vernon Supp.1984).

It has been held that a notice of appeal, filed prior to the disposition of a motion for new trial by action of the court or by operation of law, is premature and therefore does not effectively initiate the appeal. *See Menasco v. State,* 503 S.W.2d 273 (Tex. Crim.App.1973); *also Mosqueda v. State,* 646 S.W.2d 589 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Both of these cases involved appeals under article 44.08 prior to its amendment, effective September 1, 1981; however, we find no language in the amended statute that would permit a statutory construction different from that stated in *Menasco.* Thus, even though there no longer appears to be any reason for requiring an appellant to file a duplicate notice of appeal after the overruling of his motion for new trial, the holding in *Menasco* seems to mandate that course of action.

We note that the statute does authorize the courts of appeals to permit the giving of a late notice of appeal "for good cause shown." Tex.Code Crim.P.Ann. art. 44.08(e) (Vernon Supp.1984). It has been held that a showing of "good cause" must be based upon sworn testimony or other sufficient supportive evidence in the record. *Abron v. State,* 531 S.W.2d 643 (Tex.Crim.App.1976); *McCuin v. State,* 504 S.W.2d 512 (Tex.Crim.App.1974); *Menasco v. State,* 503 S.W.2d at 275. Thus, we order the dismissal of this appeal without prejudice to the appellant's filing of a motion in this court for reinstatement, supported by sufficient evidence of good cause for the late filing of the notice of appeal.

The appeal is dismissed for want of jurisdiction.