Randle WILKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 240–84.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 21, 1984.

Thomas B. Taylor, William J. Eggleston, Houston, for appellant.

Travis B. Bryan, III, Former Dist. Atty., Bill R. Turner, Dist. Atty. and Todd Jermstad, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of murder pursuant to V.T.C.A. Penal Code Sec. 19.02(a)(1) and punishment was assessed at sixty years confinement in the Texas Department of Corrections. Appeal was taken to the First Court of Appeals sitting in Houston. See 670 S.W.2d 280. The Court of Appeals affirmed the conviction, holding, inter alia, that appellant's "request for a second shuffle was not authorized under statutory or case law, and the trial court was entitled to conclude that the second shuffle would have unduly prolonged the trial." *Wilkerson v. State,* No. 01–82–00615–CR, January 5, 1983 (Motion for Rehearing) (Tex.App.1983). We granted Appellant's Petition for Discretionary Review in order to determine whether appellant's motion for a jury shuffle was timely made, and if so, whether the trial court was in error in refusing to grant same. We will reverse.

The record reflects that appellant's case was called for trial on May 17, 1982, and that both the appellant and the State announced ready for trial. The trial court, after making some preliminary remarks, entertained excuses, disqualifications, and exemptions of prospective jurors in his chambers, the attorneys for the appellant and the State being present. Although not temporally clear from the record, it appears that while the attorneys and the trial judge were in chambers, the court coordi-

nator and the bailiff conducted a shuffle of the panel pursuant to a standing order from the trial judge to shuffle jury panels in "every case."

The trial judge and the attorneys returned to the courtroom, at which time the panel was seated, in order, according to the shuffle performed by the court coordinator and the bailiff. After the trial judge checked the order of the panel, appellant's attorney requested a shuffle of the panel. The trial judge replied that the panel had already been shuffled pursuant to his sua sponte order and added "I feel there has been a random shuffle and there is a fair order of prospective jurors."

■ This Court has held repeatedly in non-capital felony cases that if a defendant invokes the mandatory provisions of Art. 35.11, V.A.C.C.P., he is entitled as a matter of law to have the names of those persons assigned to and seated in the courtroom, where his case will be heard, shuffled. Refusal of the trial judge to comply with such a request is reversible error, and no harm need be demonstrated by an aggrieved defendant. See *Latham v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983), and the cases cited on page 479. *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983); *Smith v. State*, 648 S.W.2d 695 (Tex.Cr.App.1983) and *Hall v. State*, 661 S.W.2d 113 (Tex.Cr.App.1983).

■ The State contends that the appellant's motion was untimely, arguing that voir dire had already commenced and was in progress at the time the motion to shuffle was made. In support of its argument, the State contends that the trial judge was in the process of verbally seating the jury panel and was acting on statutory exemptions and disqualifications, before any motion to shuffle was made by the appellant. The record bears this out, and the record further establishes that appellant made his motion *immediately* (emphasis added) after the trial judge concluded seating the panel.

The thrust of the State's argument is that the very action of the judge in verbally addressing the jury panel pursuant to dis-

posing of their exemptions and disqualifications and in the seating of their number, constituted a phase of the voir dire, thereby rendering appellant's motion to shuffle untimely. See *Latham v. State*, supra.

This contention was decided adversely to the State in this Court's recent opinion in *Yanez v. State*, 677 S.W.2d 62 (Tex.Cr.App. 1984). In *Yanez v. State*, supra, this Court held:

"For purposes of Art. 35.11, supra, we hold that the voir dire examination of the jury panel does not commence until all of the members of the jury panel have been shown to be qualified to serve as jurors in the cause and are seated in the courtroom. *After it has been determined by the trial judge which persons will make up the jury panel from which will come the jury that will hear the case, and those persons have been seated in the courtroom, if the accused person then makes a motion, either orally or in writing, for a shuffle of the names of the members of the jury panel, such motion will be deemed to have been timely made.*" (emphasis added.) at pg. 69.

■ Lastly, the State argues that the trial court, through its bailiff and court coordinator, shuffled the juror information forms after prospective jurors were released for reasons of qualifications, exemptions and excuses, and contends, in effect, that Art. 35.11, supra, does not prohibit a trial court from shuffling a jury panel sua sponte. Indeed, nothing in Art. 35.11 expressly prohibits such a sua sponte shuffling, but to hold that such a procedure should foreclose the State or a defendant from exercising this right would thwart the very intent behind the passage of the statute. We expressly hold that a sua sponte shuffle of a jury panel by the trial judge or persons operating at his direction does not foreclose the right of the State and the defendant to a shuffle that is timely requested under *Yanez v. State*, supra.

We find that the appellant in the instant case made a timely request for a shuffle

under Art. 35.11, supra, and that the request was improperly denied.

The judgments of the court of appeals and trial court are reversed, and the cause is remanded for a new trial.