Robert Stephen **PENHAKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0271–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1985.

Rehearing Denied March 21, 1985.

Buddy Stevens, Angleton, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Robin F. Brown, Harris County Asst. Dist. Attys., Houston, for appellee.

Before SMITH, BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

Appeal is taken from a conviction for the felony offense of possession of methaqualone with intent to deliver, enhanced by a prior felony conviction for theft. A jury convicted appellant, found the enhancement paragraph to be true, and sentenced him to 12 years imprisonment and a $5,000 fine.

We find that the notice of appeal was premature and therefore the appeal must be dismissed for want of jurisdiction. The record reflects that the appellant was sentenced on April 13, 1984. Written notice of appeal was given on April 25, 1984. However, a motion for new trial was thereafter timely filed on May 11, 1984. When the motion for new trial was overruled by operation of law on June 28, 1984, in accordance with Tex.Code Crim.P.Ann. art. 40.05(c) (Vernon 1981), no further notice of appeal was given as required by Tex.Code Crim.P. Ann. art. 44.08(b) (Vernon 1981) which provides:

> Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing.

The appellant's notice of appeal was premature and therefore does not effectively initiate the appeal. *Gordon v. State,* 627 S.W.2d 708, 709 (Tex.Crim.App.1982); *Wilkerson v. State,* 670 S.W.2d 280, 281 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds,* 681 S.W.2d 29 (Tex. Crim.App.1984); *see also Johnson v. State,* 688 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1984); *Mosqueda v. State,* 646 S.W.2d 589 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *contra Johnson v. State,* 649 S.W.2d 153, 154 (Tex.App.—Austin 1983, no pet.); *Mayfield v. State,* 627 S.W.2d 474, 475 (Tex.App.—Corpus Christi 1981, no pet.).

Even though there no longer appears to be a satisfactory reason for requiring an appellant to file a duplicate notice of appeal after the overruling of his motion for new trial, the holdings in *Gordon* and *Wilkerson* seem to mandate that course of action. *Mayfield* and *Johnson,* 649 S.W.2d 153, both hold that a premature notice of appeal should be governed by Tex.R.Civ.P. 306c, so that it "shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial, if such motion is filed." The

beneficial effect is two-fold: (1) if treated as consistent with the Code of Criminal Procedure and the Texas Rules of Post-Trial and Appellate Procedure in criminal cases, it will protect a party who clearly wants to appeal from losing his appeal on a technicality of premature filing; and (2) when treated in conjunction with Tex.R. Crim.App.P. 211, it will tend to make the criminal and civil procedures as consistent as possible. Such reasoning is both sound and persuasive, but we are obliged to follow prior opinions of the Court of Criminal Appeals and our own prior opinions.

In the interest of justice, Tex.Code Crim. P.Ann. art. 44.08(e) (Vernon 1981) provides:

> For good cause shown, the court of appeals may permit the giving of notice of appeal after the expiration of such 15 days.

It has been held that a showing of "good cause" must be based upon sworn testimony or other sufficient supportive evidence in the record. *Abron v. State*, 531 S.W.2d 643, 645 (Tex.Crim.App.1976); *McCuin v. State*, 504 S.W.2d 512, 513 (Tex.Crim.App. 1974); *Menasco v. State*, 503 S.W.2d 273, 275 (Tex.Crim.App.1973). Thus, we order the dismissal of this appeal without prejudice to the appellant's filing of a motion in this court for reinstatement, supported by sufficient evidence of good cause for the late filing of the notice of appeal.

This appeal is dismissed for want of jurisdiction.

## MOTION FOR REHEARING

LEVY, Justice, dissenting.

I respectfully dissent, and would reinstate the appeal, previously dismissed on jurisdictional grounds because of an ineffective notice of appeal. See *Penhaker v. State*, 689 S.W.2d 233 (Tex.App.—Houston [1st Dist.], 1985). It seems appropriate to accept less than impregnable grounds for reinstatement because the procedural error sought to be overcome is merely a filing of a notice of appeal made technically "premature" by the cautionary action of another attorney—unaware at the time that he had earlier been dismissed—who had apparently wanted only to preserve the record for an appeal by filing a motion for new trial. A prima facie showing of good cause for reinstatement should be sufficient, and we ignore it at peril of violating the meaning of art. 44.23, V.A.C.C.P., which requires that "... no affirmance or reversal of a case shall be determined on mere technicalities *or* on technical errors in the preparation and filing of the record on appeal." (emphasis added).

In *Johnson v. State*, 688 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1984), appellant filed a *pro se* motion for new trial after notice of appeal had been filed by his attorney. Appellant did not renew his notice of appeal after his motion for new trial had been overruled, as required by Tex. Code Crim.P.Ann. art. 44.08(b), (Vernon Supp.1985). A notice of appeal is premature and does not effectively initiate the appeal if filed before the disposition of a motion for new trial, either by action of the court or by operation of law. *Menasco v. State*, 503 S.W.2d 273 (Tex.Crim.App.1973). This court held that there was "good cause" excusing the premature filing of the notice of appeal, and allowed reinstatement in a subsequent order. In the name of constitutional Due Process, I believe that the appellant herein is similarly entitled to nothing less than procedural fairness, achievable only through a generous treatment of this procedural snarl, and *not* through a mechanical and unrealistic application of the law, far beyond its supporting rationale.

In *Evitts v. Lucey*, —— U.S. ——, 105 S.Ct. 830, 838, 83 L.Ed.2d 821, the United States Supreme Court on January 21, 1985, in reinstating an appeal dismissed by the Kentucky State courts because of a failure to file a timely "Statement of Appeal," held that the Due Process Clause of the Fourteenth Amendment prohibited Kentucky from terminating a criminal appeal because a careless attorney had violated local rules. "A State may not extinguish this right (of appeal) because another right of the appel-

235

lant—the right to effective assistance of counsel—has been violated ... (W)hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause."

In short, Due Process necessitates a new—but more just—approach, requiring reinstatement.