**Antonio Carlos ZUAZU, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–84–0588–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

May 2, 1985.

Richard Trevathan, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Donald Davis, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, DUGGAN and HOYT, JJ.

OPINION

DUGGAN, Justice.

Appellant waived a jury and was convicted on his plea of guilty to the offense of delivery of a controlled substance, namely cocaine. The court assessed punishment at five years confinement and a $5,000 fine.

The state argues that this court has no jurisdiction over this appeal because 1) the original appeal in this cause was dismissed by the 14th Court of Appeals, and 2) there is neither a showing that appellant is in custody nor is there a valid appeal bond.

■ After he was sentenced, appellant gave notice of appeal. His appeal was assigned to the 14th Court of Appeals under cause no. 14–84–509–CR styled *Antonio Carlos Zuazu v. The State of Texas.* On August 9, 1984, that appeal was dismissed at the appellant's request so that he might timely file a motion for new trial in the trial court. Thereafter, the appellant's motion for a new trial was denied by the trial court, after which he gave timely notice of appeal. The state contends that the judgment of the 14th Court of Appeals was final. In support of its argument the state refers this court to two opinions of the 14th Court of Appeals. However, those cases are without precedential value because they are unpublished. Tex.R.Crim.App.P. 207(c). We note that the original appeal was dismissed for the sole purpose of permitting a motion for new trial under the Texas Code of Criminal Procedure as it was interpreted prior to *Ex parte Drewery,* 677 S.W.2d 533 (Tex.Crim.App.1984). We also note that under *Johnson v. State,* 688 S.W.2d 656 (Tex.App.—Houston [1st Dist.], 1984) (motion to reinstate granted Feb. 28, 1985) the original notice of appeal would not have been sufficient to convey jurisdiction under Tex.Code Crim.P.Ann. art. 44.-08(b). We find that the state's first argument has no merit.

■ The state also argues that 1) although an appeal bond was filed at the time of the original appeal, the record contains no appeal bond for the "second" appeal of this cause; 2) the record does not reflect that the surety approved the "second" appeal as required by Tex.Rev.Civ. Stat.Ann. art. 2372p–3, sec. 12(d) (Vernon Supp.1985); and 3) the court has no jurisdiction to hear this appeal unless appellant is in custody or released on an appeal bond. The state concludes that because the record does not reflect that appellant is now in custody, we have no jurisdiction to hear this appeal.

The docket sheet reflects that after the court denied the motion for new trial the appellant gave proper notice of appeal. The trial court then set the appeal bond at $15,000 and ordered that the "original bond remain in effect." The same appeal bond was set at the time that the original notice of appeal was given. At that time, the surety approved the appeal bond and thus complied with the statute, which states that

d) Notwithstanding any statute required to the contrary or any provision in the bond, the court may not require or commit the surety to remain during any appeal of a case without *previous* approval of the surety. When a case is appealed without approval of the surety, the bail shall be discharged....

Art. 2372p–3, sec. 12(d) (emphasis added). We find that the state's second argument has no merit, and that this court has jurisdiction to hear this appeal.

■ In one ground of error, the appellant contends that the trial court erred in refusing to permit him to withdraw his plea of guilty. Appellant was represented by retained counsel at trial. His first lawyer represented him through the plea proceedings; after the proceedings were continued for the preparation of the pre-sentence report requested by appellant, the appellant retained another attorney who also represents him on appeal. At the time he entered his plea, the appellant waived his constitutional rights and the state introduced his stipulation of evidence supporting the plea. The court found that there was sufficient evidence to find the appellant guilty, and recessed the case for the preparation of a pre-sentence investigation report.

At his next appearance, the appellant, represented by different counsel, requested to withdraw his plea of guilty. The pre-sentence investigation report had not yet been received by the court. A visiting judge continued the cause so that the presiding judge could decide appellant's motion. Thereafter, the presiding judge de-

nied the request and proceeded to decide punishment. At the punishment hearing, the appellant offered no evidence, other than a letter submitted in his behalf, which had not been previously included in the report; the state offered no evidence. The court then entered a finding of guilt and assessed the term of confinement and fine.

The appellant argues that a liberal practice prevails in this state concerning the withdrawal of guilty pleas; that pleas of guilty before the court do not involve bifurcated proceedings; and that the case had not been taken under advisement when he requested to withdraw his plea, because either side could offer evidence on the issues of (1) whether a finding of guilt should be entered, and (2) punishment. In support of his argument he refers this court to *Jackson v. State*, 590 S.W.2d 514 (Tex.Crim.App.1979); *Wilson v. State*, 515 S.W.2d 274 (Tex.Crim.App.1974); and Tex. Code Crim.P.Ann. art. 27.13 (Vernon 1966).

We disagree with appellant's contention, based on the dissent in *Devary v. State*, 615 S.W.2d 739, 741 (Tex.Crim.App.1981), that the trial court had not taken this cause "under advisement" because it had not yet found appellant guilty.

Prior to submission of appellant's motion to withdraw his plea, each side had rested on the issue of guilt and the trial court had declared that there was sufficient evidence to find the appellant guilty. Appellant himself had requested a pre-sentence investigatory report to aid the court in assessing punishment. Once it was determined that there was sufficient evidence before the court to find the accused guilty, the decision to adjudicate was fundamentally a punishment decision. Pursuant to statutory requirements, the court had to determine whether in "its opinion the best interest of society and the defendant [would] be served by deferring further proceedings without entering an adjudication of guilt and placing the defendant on probation." Tex.Code Crim.P.Ann. art. 42.12, sec. 3(d) (Vernon Supp.1985). We find that once the court announced that there was sufficient

evidence to support a finding of guilt, it had taken the case "under advisement."

Because we do not find that the trial court abused its discretion in overruling appellant's motion to withdraw his plea, appellant's ground of error is overruled. The judgment of the trial court is affirmed.