**Leroy D. HALE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0372–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 1985.

Before JACK SMITH, SAM BASS and LEVY, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a revocation of probation. Appellant pled guilty to a felony charge of driving while intoxicated and his punishment was assessed at three years, probated. The instant case arose when the court revoked appellant's probation for violating the terms of his probation by committing theft by receiving. Appellant alleges two grounds of error, the first of which asserts that his DWI conviction was void because there was no jury waiver in the record of the misdemeanor DWI

conviction which was used to enhance his felony conviction. His second ground of error alleges that there was insufficient evidence to revoke probation. In addition to the appellant's two allegations of error, the State raises a question of jurisdiction alleging untimely filing of notice of appeal by the appellant.

In its attack upon the jurisdiction, the State contends that because the appellant's notice of appeal was filed prior to the disposition of his motion for new trial, and his notice of appeal was not thereafter renewed, that this court lacks jurisdiction. Under similar circumstances, this court has held that such a notice of appeal was premature and did not effectively initiate the appeal. *Wilkerson v. State*, 670 S.W.2d 280, 281 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds*, 681 S.W.2d 29 (Tex.Crim.App.1984) (en banc); *Johnson v. State*, 688 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1984); *Penhaker v. State*, 689 S.W.2d 233 (Tex.App.—Houston [1st Dist.] 1985). Our decisions in those cases were based principally upon the construction of Article 44.08 of the Tex.Code Crim. Proc.Ann. set forth in *Menasco v. State*, 503 S.W.2d 273 (Tex.Crim.App.1973). *Menasco* involved an appeal taken prior to the amendment of art. 44.08, effective September 1, 1981. However, we found no language in the amended statute that would permit a statutory construction different from that made in *Menasco*. Thus, we concluded that we were bound to follow *Menasco*, even though there no longer seemed to be any reason for requiring an appellant to file a duplicate or second notice of appeal after the overruling of his motion for new trial.

We have since decided that our reasoning in *Wilkerson*, *Johnson*, and *Penhaker* was faulty and that a better rule is stated in *Johnson v. State*, 649 S.W.2d 153 (Tex. App.—Austin 1983, no pet.), and in *Mayfield v. State*, 627 S.W.2d 474 (Tex.App.—Corpus Christi 1981, no pet.). Under similar factual circumstances, the Austin and Corpus Christi Courts of Appeals determined that a premature notice of appeal did not render the appeal ineffective. Those courts reasoned that *Civil* Rule 306c should be given effect in view of *Criminal* Appellate Procedure Rule 211, which provides:

> Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist, the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases.

There being no specific rule within the Texas Code of Criminal Procedure which applied to these factual situations, those courts relied on the provisions of Tex.R. Civ.P. 306c, which provides in pertinent part:

> No ... notice of appeal ... shall be held ineffective because prematurely filed; ... and every such ... notice of appeal ... shall be deemed to have been filed on the date of but subsequent to ... the date of the overruling of motion for new trial, if such a motion is filed.

■ The Austin and Corpus Christi Courts of Appeal found no inconsistency between Civil Rule 306c and Article 44.-08(b) or any other provision of the Tex. Code Crim.Proc. or the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases. We agree, and hold that the appellant's right to appeal will not be denied for the technical reason that he filed his notice of appeal prematurely. In the instant case, the notice of appeal will be deemed to have been filed on the date of, but subsequent to, the date of the denial of his motion for new trial. We overrule the State's contention that this court does not have jurisdiction due to the lack of a timely filed notice of appeal.

Turning to the merits of our case, the appellant initially complains that the felony indictment, which resulted in his conviction and probation, was void because the enhancement paragraph relied upon a void misdemeanor conviction. He asserts that the misdemeanor conviction was void because the record is silent as to whether appellant waived his right to a jury trial. He relies upon *Samudio v. State*, 648

S.W.2d 312 (Tex.Crim.App.1983), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983), which held that a waiver of jury can never be presumed from a silent record on a direct appeal.

 This is not a direct appeal from a misdemeanor conviction, but an appeal from a revocation of probation. The appellant's assertion is a collateral attack upon a record which is not before this court. The record is not only silent as to whether there was a jury waiver, it is also silent as to whether there was a jury. In a collateral attack, the burden is on the appellant to demonstrate that the prior conviction is void. *Acosta v. State*, 650 S.W.2d 827, 829 (Tex.Crim.App.1983). In the instant case, the appellant has not shown that he did not have a jury in the misdemeanor trial, and we refuse to presume that he had none. We note that the appellant did not testify that he did not have a jury in the conviction about which he now complains. Under such circumstances, we overrule his first ground of error.

In his second ground of error, the appellant alleges that the evidence was insufficient to revoke his probation because there was never a showing that the appellant had knowledge that the property he possessed was stolen by another. One of the elements of committing the offense of "theft by receiving" is having knowledge that the property was stolen by another person. Tex.Penal Code Ann. sec. 31.03(b)(2) (Vernon Supp.1985).

The evidence adduced at trial showed that the home of George Pharr was burglarized on March 13, 1984. Two items taken in the burglary were a high school class ring bearing the date "1972" and the initials "M.C.W.", and a silver chain on which there was attached a silver dollar dated in the late 1800's.

The silver dollar was pawned by the appellant and he received a pawn slip dated March 14, 1983. The "1983" date was an obvious mistake. The appellant testified that the whole date was a mistake because he said he pawned the items on March 15, 1984. He stated that he had found the dollar along with the ring and several gold chains on March 14, 1984 when he was walking his dog near a school. He testified that he cut up the ring in order to free the chains which were tangled in it and then threw the chains away because he felt they were worthless. On March 17, 1984, the ring, cut in two or three pieces, was pawned by the appellant. The date and the initials "C.W." were identifiable.

 In a probation revocation hearing, the standard of proof is by a preponderance of the evidence. *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex.Crim.App.1979). Furthermore, the evidence is to be viewed in the light most favorable to the trial court's findings. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App.1979). The trial judge is the sole trier of facts, the credibility of the witnesses, and the weight to be given to the testimony. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim.App. 1978). Further, in a probation revocation hearing, the findings of the trial court should not be reversed unless a clear abuse of discretion is shown. *Morris v. State*, 658 S.W.2d 770, 772 (Tex.App.—Beaumont 1983, no pet.); *accord, Flournoy v. State*, 589 S.W.2d 705 (Tex.Crim.App.1979).

 Whether a party accused of possessing stolen property gives a reasonable explanation of its acquisition is a question of fact, and the falsity of the explanation may be shown by circumstantial evidence. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim.App.1977). In the instant case, there is no question but that the appellant pawned the goods taken from the home of George Pharr during the course of a burglary on March 13, 1984. The appellant testified that he found the stolen goods, and he contends that there was no showing that he had knowledge the goods were stolen. The circumstantial evidence which supports the State's position and casts doubt on the appellant's credibility is as follows:

The appellant testified that on the date he found the stolen goods, he went to the doctor at 4:30 p.m. with flu-type symp-

toms, a fever, respiratory problems, ear infection and throat infection. He testified that it was on that same day, at approximately 9:00 p.m., he was out walking his dog when he found the jewelry. He did not tell anyone in his family that night what he found. He later related how he came into possession of the stolen goods but not until after a detective called his home. Appellant admitted that he made no effort to locate the owner of the property, notwithstanding the fact that the ring was a "Friendsville High School class ring with the date 1972 and the initials M.C.W. on it." The appellant cut the ring into two or three pieces prior to pawning it, which he states he had to do, although only some small chains were attached to the ring. Appellant also testified that he had a prior conviction for theft by receiving. He stated that he had pled guilty to that charge but that he was not really guilty. The facts in the prior conviction were similar to those in the present case in that the appellant was in possession of a ham radio which turned out to be stolen. He now insists that although he pled guilty to that charge, in reality he was not guilty because he had bought the radio.

When considering the totality of the circumstances surrounding the appellant's possession, and the manner of his disposition of the stolen goods, we hold that the trial court did not abuse its discretion in finding that the appellant violated the terms of his probation by committing theft by receiving. The appellant's second ground of error is overruled and the judgment of the trial court is affirmed.