**Smokey Joseph LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–01097–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 14, 1985.

Rehearing Denied Nov. 1, 1985.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Wm. Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

PER CURIAM.

Appellant Smokey Joseph Lee was convicted of indecency with a child and assessed punishment at ninety-nine years in

the Texas Department of Corrections. Although appellant is represented by counsel, he moves *pro se* to abate or dismiss his appeal without prejudice because he did not give notice of appeal within fifteen days of the overruling of his motion for new trial.[1] Because appellant raises a jurisdictional question which we could raise on our own motion, we address appellant's contention even though he is now represented by counsel.

On October 3, 1984, appellant was sentenced and gave notice of appeal. Then on November 2, 1984, appellant filed a motion for new trial. On February 27, 1985, the trial court overruled appellant's motion for new trial, and appellant again gave notice of appeal. However, under article 40.05(c) of the Texas Code of Criminal Procedure (Vernon Supp.1985), appellant's motion for new trial was overruled by operation of law on December 17, 1984. Appellant did not give notice of appeal within fifteen days after December 17, 1984.

Appellant contends that notice of appeal was prematurely filed and thus that this court does not have jurisdiction over the appeal. We agree with appellant that the notice of appeal given on October 3, 1984, was premature. Under article 44.08(b) of the Code, notice of appeal must be given within fifteen days after the overruling of a motion for new trial. However, we agree with the holdings of other courts of appeal that appellant's premature notice of appeal should be deemed to have been filed on the date of, but subsequent to, the date of the overruling of the motion for new trial. *Sweeten v. State,* 686 S.W.2d 680, 683 (Tex. App.—Corpus Christi 1985, no pet.); *Panelli v. State,* 685 S.W.2d 400, 402 (Tex.App.— San Antonio 1985, no pet.); *Johnson v. State,* 649 S.W.2d 153, 154 (Tex.App.—Austin 1983, no pet.). *Contra: Penhaker v. State,* 689 S.W.2d 233 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Davis v. State,* 688 S.W.2d 702, 703 (Tex.App.—Eastland 1985, no pet.).

We are aware of the holdings of the Court of Criminal Appeals that a notice of appeal is untimely and ineffective if filed before the disposition of a motion for new trial by operation of law. See *Gordon v. State,* 627 S.W.2d 708, 709 (Tex.Crim.App. 1982) and cases cited therein. However, those cases concerned notices of appeal given prior to the enactment of the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases in 1981. Rule 211 of the new rules provides that, where not inconsistent with the Code of Criminal Procedure and the rules, the Rules of Civil Procedure shall govern proceedings in this court in criminal cases. Rule 306c of the Texas Rules of Civil Procedure provides that no notice of appeal shall be ineffective because prematurely filed and that every such notice of appeal shall be deemed to have been filed on the date of, but subsequent to, the date of the overruling of a motion for new trial. Rule 306c is not inconsistent with article 44.08(b). Finally, in *Ex parte Drewery,* 677 S.W.2d 533, 536 n. 6 (Tex.Crim.App.1984), the Court of Criminal Appeals held that a notice of appeal does not deprive the trial court of jurisdiction to grant a new trial and left open the question of whether a prematurely filed notice of appeal could be deemed to have been filed as of the date of the overruling of the motion for new trial.

Accordingly, we follow the holdings of the Corpus Christi, San Antonio, and Austin courts, disapprove the holdings of the Eastland and Houston courts, and hold that the premature notice of appeal was effective as of the date that the motion for new trial was overruled by operation of law. We deny appellant's motion to abate or dismiss the appeal.

---

1. We note that the case has not yet been submitted. Appellant appears to think that, by having the appeal dismissed, he may start the appeal process again. Of course, if this appeal is dismissed, appellant will not have another opportunity to appeal.