Opinion issued December 11, 2003 













In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-01165-CR
          01-02-01166-CR




SHANNON FRANKLIN STONE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 893332 & 893333









MEMORANDUM OPINION

           Appellant, Shannon Franklin Stone, pleaded guilty without an agreed
recommendation to aggravated robbery


 and aggravated kidnapping.


 See Tex. Pen.
Code Ann. §§ 20.04, 29.03 (Vernon Supp. 2004). After reviewing the presentence
investigation (PSI) report, the trial court assessed appellant’s punishment at eight
years in prison for each offense, with the sentences to run concurrently. We address
whether (1) appellant’s guilty plea was involuntary, (2) the guilty plea was the result
of ineffective assistance of counsel, and (3) the trial court erred in denying appellant’s
motion to withdraw the guilty plea. We affirm. 
 Procedural Facts
          Appellant pleaded guilty on August 9, 2002. The trial court found that there
was sufficient evidence to convict appellant of both offenses, but the court recessed
the hearing pending the preparation of a PSI report. On October 17, 2002, after
having reviewed the PSI report, the trial court found appellant guilty of both offenses
and assessed punishment. On October 30, 2002, appellant filed a pro se motion to
withdraw his guilty plea. The trial court did not rule on that motion. 
 
Anders Brief
          Appellant’s counsel has filed a motion to withdraw from appellant’s
representation on appeal because she concluded that there are no arguable grounds
of error. The brief meets the requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why counsel believes that there are no arguable grounds of error on appeal. 
See Gainous v. State, 436 S.W.2d 137, 137-38 (Tex. Crim. App. 1969). Counsel has
advised appellant of her evaluation and informed him of his right to file a pro se
response, and appellant has filed a response.
Voluntariness of PleaIn point of error one, appellant contends that his plea was involuntary because
trial counsel allegedly promised him that adjudication of his guilt would be deferred
and that he would be placed on community supervision for 10 years in return for a
guilty plea. However, a defendant’s receipt of statutory admonishments constitutes
a prima facie showing of the plea’s voluntariness. See Cantu v. State, 988 S.W.2d
481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). When a defendant attests
to the voluntary nature of his plea at the original plea hearing, a heavy burden is
placed on him if he later argues that the plea was involuntary. Id.
 
          In this case, appellant signed and initialed the required written admonishments,
and appellant’s plea papers recited that he entered his plea knowingly and voluntarily. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 2003) (setting out required
admonishments). Appellant also testified during the initial plea hearing that his plea
was voluntary. Nothing in the record supports appellant’s allegations that his trial
counsel made any promises concerning the likelihood of appellant’s receiving
community supervision upon pleading guilty. Appellant has thus failed to rebut the
presumption that his guilty plea was voluntary. See Cantu, 988 S.W.2d at 484.
          We overrule point of error one.
Ineffective Assistance of Counsel
          In his second point of error, appellant asserts that his trial counsel was
ineffective because counsel promised appellant that an adjudication of his guilt would
be deferred and that he would be placed on community supervision if he pleaded
guilty. The two-prong test announced in Strickland v. Washington


 applies to guilty-plea challenges based on ineffective assistance of counsel. See Hill v. Lockhart, 474
U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); see also Ex parte Adams, 707 S.W.2d
646, 649 (Tex. Crim. App. 1986).
          Under the Strickland test, as applied to guilty pleas, appellant must first show
that trial counsel’s advice was not within the range of competence demanded of
attorneys in criminal cases. Ex parte Dumitru, 850 S.W.2d 243, 245 (Tex.
App.—Houston [1st Dist.] 1993, no writ). Second, appellant must show that there
was a reasonable probability that, but for trial counsel’s errors, appellant would not
have entered the guilty plea and would have insisted on going to trial. Id.
          As discussed in connection with appellant’s first point of error, there is nothing
in the record to support appellant’s allegation that his trial counsel promised him that
an adjudication of his guilt would be deferred or that he would be placed on
community supervision if he pleaded guilty. In contrast, the record does show that
appellant was given the proper admonishments and that appellant testified that no one
had promised him anything in connection with his guilty plea. Accordingly, we hold
that appellant has failed to show that his trial counsel’s advice was not within the
range of competence demanded of attorneys in criminal cases. See id.
          We overrule point of error two.
Motion to Withdraw Guilty Plea
          In his final point of error, appellant contends that the trial court erred in
denying appellant’s motion to withdraw his guilty plea or, in the alternative, in
denying a hearing on appellant’s motion. We disagree.
          A motion to withdraw a guilty plea need not be presented within any particular
time limit; however, the trial court has broad discretion to deny such motion when it
is made after the case is taken under advisement. See Donovan v. State, 17 S.W.3d
407, 410 (Tex. App.—Houston [1st Dist.] 2000), aff’d, 68 S.W.3d 633 (Tex. Crim.
App. 2002); see also DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel
Op.] 1981). A case is taken “under advisement” when a trial court announces that
there is sufficient evidence to support a guilty verdict. See Zuazu v. State, 691
S.W.2d 88, 90 (Tex. App.—Houston [1st Dist.] 1985, pet. ref’d).
          Appellant’s pro se motion to withdraw his guilty plea was file-stamped on
October 30, 2002, 13 days after the trial court had found appellant guilty and
assessed his punishment. Under these circumstances, the withdrawal of appellant’s
guilty plea was within the trial court’s discretion. See Taplin v. State, 78 S.W.3d 459,
461 (Tex. App.—Austin 2001, no pet.). Nothing shows that the trial court abused its
discretion in refusing to grant the motion or a hearing on the motion after the court
had already pronounced judgment. See id. (holding that appellant was not entitled to
withdraw his guilty plea when he did not request withdrawal until State’s closing
argument).
          We overrule point of error three.
 
 
 
Conclusion
          We affirm the judgment of the trial court.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).
 




                                                             Tim Taft 
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks. 

Do not publish. Tex. R. App. P. 47.2(b).