MANNIS v. STATE, EX REL. DEWITT SCHOOL DIST.

5-3682                                             398 S. W. 2d 206

Opinion delivered January 10, 1966.

[Rehearing denied February 14, 1966.]

43

*James L. Sloan,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The issue in this case is the right of appellant to attend a parochial school without being vaccinated against smallpox and, further, whether the school is affording appellant a reasonable education.

The appellee, by the prosecuting attorney and the county school supervisor, filed a petition in the probate court alleging that appellant Roy Mannis, the ten-year-old child of Mr. and Mrs. Floyd R. Mannis, is a neglected child "in that said child is not attending a public or private accredited school by reason of the fact that said child's parents refuse to have said child immunized or vaccinated against the disease of smallpox"; that because of not being vaccinated the appellant's education is being neglected and, therefore, a temporary guardian should be appointed by the court for the purpose of having the appellant vaccinated and enrolled in the public schools of DeWitt or some accredited school.

The appellant denied the allegations in the petition except the fact that he had never been vaccinated against smallpox and asserted that to require vaccination would be an invasion of his constitutional rights. The probate

court found the issues in favor of appellee and appointed a temporary guardian for the appellant for the purpose of having him vaccinated and then enrolled in "a public, private, or parochial school where said child will receive a reasonable education." From this order appellant brings this appeal.

For reversal appellant asserts that he "may not be taken from his parents and forcibly vaccinated against his wishes when such is against his religious belief and practice and the religious belief and practice of his parents and, therefore, in violation of their rights under the Constitution of the United States."

The appellant and his parents are members of The General Assembly and Church Of The First Born, a religious body whose members believe that vaccination is against the will of God. The sincerity of their views is not questioned. Appellant and other children named in the petition were refused admittance to the public schools operated by the appellee because they had not been vaccinated against smallpox. Thereupon, the Church organized and conducted a parochial school which does not require vaccination as a condition for entrance or attendance. Appellant attends this school.

The case at bar is a sequel to *Wright* v. *DeWitt School District No.* 1, 238 Ark. 906, 385 S. W. 2d 644. There certain members of this same Church unsuccessfully sought to enjoin the local school district [appellee in the case at bar] from enforcing this same State health regulation requiring the vaccination of all school children against smallpox. There it was argued that such a requirement contravened their religious beliefs and constitutional rights. We reaffirmed our decision in *Cude* v. *State*, 237 Ark. 927, 377 S. W. 816, that the questioned health regulation is enforceable as a reasonable and valid exercise of the police power of the State. In the *Cude* case we said: "It is clear that the law [Ark. Stat. Ann. § 80-1502 (Repl. 1960)] requires that the children attend school, and a valid regulation [Health Board

Regulation No. 21, 1960 Revision] requires that they be vaccinated.'' This health regulation has the force and effect of law. Ark. Stat. Ann. §§82-109-110 (Repl. 1960); *Wright* v. *DeWitt School District, supra.* Therefore, a child attending school in non-compliance with this health regulation is doing so in violation of the law. This fact alone is sufficient evidence upon which to base a finding of neglect. Furthermore, the *refusal of parents* to permit vaccination as a prerequisite to school attendance is sufficient evidence upon which to base a finding of neglect. *Cude* v. *State, supra.* The probate court was correct in appointing a guardian for appellant for the purpose of having him vaccinated as a prerequisite to attending school.

Our statute requires that children between the ages of 7 and 15 inclusive must attend ''a public, private or parochial school.'' Ark. Stat. Ann. § 80-1502. Appellant asserts that since he is complying with this statute by attending a parochial school the vaccination requirement is not applicable because the State Health Regulation applies only to children attending a ''public or private school.'' We are of the view that a parochial school is also a private school within the meaning of this health regulation since it is managed and supported by a private organization. 78 C. J. S., Schools and School Districts, §1, p. 607.

Nor can it be contended by the appellant that the probate court was without jurisdiction in the case at bar. This issue was determined adversely to appellant in *Cude* v. *State, supra.* There we said: ''The issue of whether the three children of appellant were neglected was before the probate court in the proceeding for the appointment of a guardian and the court had jurisdiction to determine that fact.''

The probate court found that the parochial school was not affording the appellant a reasonable education. We deem it unnecessary to determine the reasonableness of the educational facilities. In our view it is sufficient

to base this opinion primarily upon the issue that vaccination against smallpox is a valid prerequisite to appellant's attendance at any school.

Affirmed.

Johnson, J., dissents.

## DISSENTING OPINION

JIM JOHNSON, Justice, dissenting. In *Cude* v. *State,* 237 Ark. 927, 377 S. W. 2d 816, I dissented. My views are expressed there in detail. The spectre foretold there has indeed appeared here. For the reasons so stated, I respectfully dissent in the case at bar.