**Ex parte Paul Dewey DAIGLE.**

**No. 71560.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 24, 1993.

Paul Dewey Daigle, pro se.

Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for State.

OPINION

CAMPBELL, Judge.

Applicant was convicted of aggravated robbery, enhanced by proof of two prior felony convictions, and the jury assessed punishment at confinement for ninety-nine years. Applicant's conviction was affirmed. *Daigle v. State*, 658 S.W.2d 774 (Tex.App.—Beaumont 1983, no pet.). He

has filed this application for habeas corpus relief pursuant to Article 11.07, V.A.C.C.P. We filed and set his application to determine whether appellate counsel was ineffective for failing to raise on appeal the trial court's denial of Applicant's request for a jury shuffle. Upon remand by this Court, the trial court found that Applicant's demand for a jury shuffle was untimely and recommended that relief be denied. This conclusion is not supported by the record.

We have repeatedly held that Article 35.11, V.A.C.C.P., provides the defendant with a right to a shuffle of the jury panel. *Jones v. State,* 833 S.W.2d 146, 147 (Tex.Cr.App.1992); *Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex.Cr.App.1984); *Davis v. State,* 573 S.W.2d 780, 781 (Tex.Cr.App. 1978). Refusal of the trial judge to comply with a timely request constitutes reversible error and an aggrieved defendant need not show harm. *Jones,* supra at 147–48; *Wilkerson,* supra. A request is timely if made prior to commencement of voir dire. *Latham v. State,* 656 S.W.2d 478, 479 (Tex.Cr. App.1983); *Woerner v. State,* 523 S.W.2d 717, 718 (Tex.Cr.App.1975).

In the instant case, it is undisputed that Applicant requested a timely shuffle of the jury panel immediately prior to voir dire.[1] *Latham,* supra. Therefore, the trial court committed reversible error by denying Applicant's motion. *Jones,* supra. We must now address the question of whether appellate counsel was ineffective for failing to raise this issue on appeal.

As stated previously, the trial court's refusal to allow a jury shuffle upon a timely request is reversible error. This has been the law for many years, and was well settled at the time of Applicant's trial in 1982 and his appeal in 1983. See *Moore v. State,* 132 Tex.Crim. 403, 105 S.W.2d 250 (1937);[2] *Como v. State,* 557 S.W.2d 93, 94 (Tex.Cr.App.1977); *Davis,* supra; *Woerner,* supra.

We also note that in an affidavit submitted to the trial court, appellate counsel stated as follows:

Affiant, however, agrees that the issue of the denial of Applicant's request for a shuffle of the jury, is a point for appeal. Affiant hereby states that this issue was over looked [sic] as an issue on appeal and would have been included on original submission, but for it being unnoticed at the time of the preparation of the appeal.

It is apparent from this statement that counsel was indeed aware this issue was meritorious, and it would have been raised but for his oversight. Furthermore, since the error was not subject to a harm analysis, *Jones,* 833 S.W.2d at 147–48, Applicant would have been entitled to a new trial. Therefore, we hold that a reasonable appellate counsel would have raised this issue on appeal, and there was a reasonable probability that a different outcome would have resulted.

Relief is hereby granted. The judgment of the Court of Appeals is vacated, and Applicant is entitled to a new appeal. The proper remedy in a case such as this is to return the Applicant to the point at which he can give notice of appeal. He may then, with the aid of counsel, follow the proper procedures in order that a meaningful appeal from his conviction may be taken. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day the mandate of this Court issues. We hold that should Applicant desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued. All other requested relief is denied.

---

1. An excerpt from the statement of facts attached by the trial court to its findings of fact and conclusions of law reflects that Applicant's motion for a jury shuffle was denied because both his counsel and the prosecutor were a few minutes late to court. However, the trial court did make a specific finding that the motion was made before voir dire had commenced.

2. *Moore* and cases cited therein, construe former Articles 626, 627, and 628, V.A.C.C.P. (1925).