ACCEPTED
05-14-01399-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/30/2015 12:22:51 PM
LISA MATZ
CLERK

# IN THE COURT OF APPEALS
# FOR THE FIFTH DISTRICT
# DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/30/2015 12:22:51 PM
LISA MATZ
Clerk

| | | |
|---|---|---|
| **CHRISTOPHER LEE COLE** | § | |
| **Appellant** | § | |
| | § | |
| **VS.** | § | **APPEAL NUMBERS** |
| | § | **05-14-01398-CR** |
| | § | **05-14-01399-CR** |
| **STATE OF TEXAS** | § | |
| **Appellee** | § | |

**On Appeal from Criminal District Court Number Six
of Dallas County, Texas
No. F-13-53515
No. F-13-53516**

## MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE COURT:

**To the Honorable Justices of the Court of Appeals:**

Now Comes the Appellant Cole, by and through counsel, and moves the Court to extend the time for filing Appellant's Brief to Tuesday, March 31, 2015. In support of this request, Appellant presents the following:

1.  Appellant's Brief was due on January 2, 2015.

2.  Counsel received the notice of the completion of the record, but erred in thinking that the Court of Appeals was still waiting on the Court Reporter's Statement of Fact and did not calendar the due date for the Appellant's Brief. Then Counsel confused this case with another appeal

**MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF**          **PAGE** 1

(State v. Cody Jones, 15-14-01431-CR) and thought he had already filed the brief. Counsel was not aware of his mistake until he compared the February 3, 2015 notice from the Court with the order he received in the Jones v. State case after notice from the District Court.

3. The failure to file the Appellant's brief was not the fault of the Appellant in any way. The failure to file the brief by Tuesday, March 31, 2015 will not delay the appeal proceeding in any significant manner.

4. Appellant contends that the failure to file the brief timely was the result of excusable neglect as opposed to an intentional act. Further, since Appellant is indigent, he would be entitled to file a late brief. *See* Ex parte Daigle, 848 S.W.2d 691, 692 (Tex. Crim. App. 1993) (habeas corpus applicant was entitled to a new appeal based on appellate counsel's ineffectiveness for failing to raise point of error on appeal concerning trial court's denial of defendant's timely request for jury shuffle, which, under then-prevailing law, was automatic reversible error). Effective assistance of counsel on appeal cannot be afforded an appellant unless an appellate brief is filed in his behalf. *See* Guillory v. State, 557 S.W.2d 118 (Tex. Cr. App. 1977).

Wherefore, Premises considered, Appellant prays that this motion be granted and that time for filing Appellant's Brief be extended to March 31, 2015.

Respectfully Submitted,

/s/Ronald L. Goranson
**RONALD L. GORANSON**
2828 Routh Street, Suite 675
Dallas, Texas 75201
(214) 651.1122 / (214) 871-0420 (fax)
State Bar No. 08195000
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of this Motion to Extend was delivered to Ms. Lori Ordiway, Assistant District Attorney, Appellant Division, Dallas County District Attorney's Office, 133 N. Riverfront Blvd, 10th floor, Dallas, Texas, 75207 on March 30, 2015.

/s/Ronald L. Goranson
**RONALD L. GORANSON**