# 606-15

## IN THE

ORIGINAL

## TEXAS COURT OF CRIMINAL APPEALS

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAY - 1 2015
CHRISTOPHER A. PRINE
CLERK

Ayunwi Meme Fuh,

Petitioner,

Vs.

No. 01-13-00492CR

COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

THE STATE OF TEXAS,

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 18 2015
Abel Acosta, Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ayunwi Meme Fuh

14918 Havenridge dr

Houston Tx77083

Memefuh400@yahoo.com

Petitioner

Donald R. Cantrell

800 Bering #208

Houston, Tx 77057

Appointed appellate counsel

1

**PETITIONER REQUESTS ORAL ARGUMENT**

| TABLE OF CONTENTS | Pages |
|---|---|
| Index of Authorities | 5-6 |
| Statement Regarding Oral Argument | 7 |
| Statement of the Case | 8-9 |
| Statement of Procedural History | 9 |
| Grounds for Review | 10-13 |
| Argument | 14-26 |

Appeals court Opinion and Judgement attached (3 pages)

1. The illegal acquisition of evidence (Tainted) requires suppression.

The law of Texas requires the illegal acquisition of evidence to not be adduced in court. CCP Art 38.23 this was not the situation with

petitioner's case leading to a conviction. Suppression of evidence is required under Texas law.

2. The court of Appeal's ruling that the petitioner's appeal is frivolous and that there are no arguable grounds for review with no reversible error is incorrect and therefore not grounds to ignore the requirements of CCP art. 38.23 12, and 37.02 and proof beyond reasonable doubt.

3. The incorrect and untrue jury charge resulted in a wrongful conviction. The Jury charged and convicted petitioner with sexual assault by penetration which was untrue and unfounded contrary to Ch. 14-27.10 of the CCP which requires proof of penetration and be proven beyond reasonable doubt.

4. Inconsistent statements and lies under oath (perjury) made by the complainant contrary to sections 37.06 and 37.02 of the CCP leading to a conviction.

3

5. Tampering with and fabricating evidence (tainted) by complainant's mother contrary to sec. 37.09 of the CCP leading to a conviction.

6. The failure to raise a valid legal claim that necessarily would have resulted in a reversal apparently also constitutes ineffective assistance by trial and appellate Counsels see Ex parte Daigle, 848 S.W.2d 691, 692 (Crim. App. 1993)

Petitioner's attorney's brief to the appeals court that petitioner's appeal is frivolous should be moot and the court should consider petitioner's own written pro se response to Anders brief as the attorney on record never consulted with petitioner on the reasons and grounds of his appeal despite the numerous times that petitioner tried to meet with appellate attorney about his case. Instead, appointed counsel requested for money from petitioner before any possible representation. Please see petitioner's letter with Appeals court from his attorney, requesting $7500 before any representation.

4

Prayer for Relief                        27-29

Certificate of Service                   30

Certificate of Compliance                30

Appendix post                            31

## INDEX OF AUTHORITIES

**Cases**

Ex parte Wilson, 956 S.W 2d 25, 27(Tex.Crim.App.1997)

Ex parte Bradley, 781 SW2d 886,894 (Crim. App.1989) pg. 20

Alvarado v. State, 775S.W.2d 851, 857 (Tex. Crim. App.—San Antonio

1989, pet. ref.)  pg. 21

Ex parte Daigle, 848 S.W.2d 691, 692 (Crim. App. 1993)  pg. 21

*Sanchez v. State*,182 S.W.3d 34(Tex.App.–SanAntonio 2005) *affirmed*

209 S.W.3d 34 (Tex.Crim.App. 2006)(same)  Pg. 22

Dinkins v. State, 894 S.W.2d 330 (Tex.Crim.App. 1995)  pg. 25

Evans v. State, 606 S.W.2d 880 (Tex.Crim.App. 1980) pg. 26

Woods v. State, 653 S.W.2d 1 (Tex.Crim.App. 1980) pg. 26

*Warner v. State*, 245 S.W.3d 458, 462 (Tex.Crim.App. 2008)  pg. 23

*Waldon v. State*, 579 S.W.2d 499, 502 (Tex.Crim.App. 1979) pg. 24-25

Taylor v. state 332 s.w.3d 483,489(Tex.Crim.App.2011) pg. 23

Hudson v. Michigan, 547 U.S. 586 (2006) pg. 16

Pham v. State, 175 S.W.3d 767 (Tex.Crim.App. 2005)

*Weeks v. U.S.*, 232 U.S. 383 (1914).   Pg. 16

*Almanaz v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) pg. 24

**Statutes**

Code of Criminal Procedure Art. 38.23 7, 12-13,  37.02, 37.06, 37.09,

14-27.10

**Rules**

TRAP 9.4(i)(2)(D)

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner believes oral argument would be helpful to the Court because

the issues raised are issues of first impression and the public policy

behind resolution of these issues could be better discussed in the context

of oral argument, where the Court can ask questions and consider

alternatives and critical issues that petitioner is prepared to discuss and

portray as this case presents novel issues that the court has not

previously addressed.

7

## STATEMENT OF THE CASE

This case concerns a conviction of sexual assault of a child under the age of 17 based on a jury charge that does not conform to Ch. 14-27.10 of the CCP which requires proof of penetration and prove beyond reasonable doubt. It also concerns the defective indictment about the use of force and penetration which needs to be proven, the issue of whether tainted evidence should be adduced in trial where there is reasonable doubt questioning the legality and reliability of the evidence adduced at trial and its sufficiency, when and from whom the evidence was acquired; which was clearly contrary to the date on court files purporting the date of the alleged offence and the person it was collected from (complainant's mother), contrary to CCP Art. 38.23, and whether evidence acquired illegally should be suppressed as per the Texas code of criminal procedure. Also whether false testimony under oath by the complainant should have been admissible. Complainant was coerced by her mother to falsely testify against petitioner, leading to a conviction contrary to sec. 37.02 CCP. This conviction should be overturned as the

8

charge was unfair, improper and no crime was ever committed in the first place.

## STATEMENT OF PROCEDURAL HISTORY

(1) Date of opinion from Court of Appeals: April 9, 2015

(2) Date of Motion for Rehearing: None was filed.

(3) Date Motion for Rehearing Disposed: N/A

## ABBREVIATIONS AND REFERENCES

The required documents and several other key documents that petitioner is presenting to the court are attached to this Petition in the Appendix.

# GROUNDS FOR REVIEW

1. **Insufficient evidence that was tainted** exits to contradict the findings of the Jury as the only piece of evidence adduced at trial was not suppressed even after a motion was filed for the evidence to be suppressed due to its illegal acquisition directly from complainant's mother to the police. Semen was put on several items by complainant's mother on a shirt, pant, panties and shoes which were not traced to any particular female by DNA, on a date different from the date alleging the offence, by complainant's mother whom petitioner was dating. Yet only the panties' was brought to trial. All elements, if brought to trial would have raised doubts as to how did semen possibly get to all aforementioned items if it was not put there intentionally in a bid to set up and frame petitioner. Complainant's mother told petitioner she was doing this to destroy his future and that the courts would believe her daughter's story.

10

2. The jury charge and finding of sexual assault of a child under the age of 17 and verdict did not contain the requirement of guilt beyond a reasonable doubt nor proof of penetration as required under Ch. 14-27.10 CCP. The jury subsequently asked a question that would have allowed the trial judge to fix the mistake in the original charge for it to be dismissed, so that the jury would have been informed of the correct law. However, the trial court answered the jury's question about the definition of penetration and sexual assault by referring them to the testimony only and failing to define and explain per statute of law thereby swaying the jurors' minds toward convicting petitioner wrongfully. Those errors undoubtedly lead to a conviction.

3. **Illegal acquisition of evidence (tainted)** exists to support petitioner's review request and wrongful conviction outcry contrary to the Texas code of criminal procedure. On a date not mentioned as the date of the alleged offence which is alleged to have occurred in petitioner's apartment, complainant's mother in her own house where she had just been intimate with petitioner personally handed some clothing to the

police she had called, away from the alleged crime scene about 20 miles from petitioner's apartment, almost a week after the alleged assault. Complainant was not wearing these clothing and was not even present when her mother was personally **handing over those clothing to the police, saying they would find evidence there**. This evidence was clearly tainted and illegally acquired contrary to CCP Art. 38.23 and should not have been adduced at trial. This lead to a conviction. Insufficient and tainted evidence exists to contest the finding of the jury, so the conviction cannot stand.

4. **Perjury and inconsistent statements** made by complainant under oath contrary to sec. 37.02 and 37.06 CCP. Complainant during cross examination insisted that she had told her mother of the alleged assault on the same day and that they had gone to the hospital that same night. That was not true. Petitioner was present at the complainant's house on the 3rd of April 2012 until about midnight and we all said good night to each other and petitioner left for work after. No vaginal swabs were taken, which would have cleared petitioner. Medical assessments

12

showed no foul play. Even CPS in an interview with complainant said the girl was not credible and did not look like she had been assaulted from the evidence, and statement she gave CPS. This conviction cannot stand.

5. Petitioner's pro se response to Ander which contained the issues at stake for his appeal was never considered by the court of appeal thereby violating his right to appeal his case and prove his innocence. The failure to raise a valid legal claim that necessarily would have resulted in a reversal apparently also constitutes ineffective assistance by appellate counsel see Ex parte Daigle, 848 S.W.2d 691, 692 (Crim. App. 1993)

# ARGUMENT

## 1. The illegal acquisition of evidence requires that the evidence be suppressed.

Under Texas statutory law, if the Fourth or Fifth Amendment is violated where evidence is illegally acquired, it is automatically suppressed, the main issue here is:

The police in this case violated petitioner's Constitutional rights by illegally collecting evidence from complainant's mother who was angry with him at the time, from her house and not from my apartment where the alleged crime is purported by the state to have occurred; almost a week after the alleged crime date. Such evidence should be suspected, inadmissible and suppressed. The complainant never liked me and would do everything her mother told her in order to get rid of me. The complainant has a deep record of lies telling and false pretense from her school records. Failure by the state to thoroughly investigate and suppress the evidence illegally acquired led to a wrongful conviction which should be overturned and dismissed as no crime was ever

14

committed. The entire case was a setup orchestrated by complainant's mother whom petitioner was dating and was at the point of breaking up with her to go out of state and attend nursing school, when she pressed false allegations against petitioner in retaliation to his breaking up with her and personally handed evidence to the police almost a week from the date of the alleged crime in her own house, a location about 20 miles from petitioner's apartment where the alleged crime is purported to have happened. ***Suppression of evidence especially illegally acquired is required under Texas law.*** Under *federal* law, suppression of evidence is not always necessary just because police violate the knock-and-announce rules. *Hudson v. Michigan*, 547 U.S. 586 (2006, Kennedy, J., concurring in the judgment). However, there is no "federal exclusionary" statute. Under federal law, the exclusionary rule is exclusively common law and can be changed by the courts. *Weeks v. U.S.*, 232 U.S. 383 (1914). In Texas, the exclusionary rule is statutory and requires suppression of evidence where the legal or Constitutional rights of the suspect are violated by the illegal collection of evidence. The CCP states in relevant part: Art. 38.23. **EVIDENCE NOT TO BE**

**USED.** (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. Evidence in this case was tainted by complainant's mother who had promised to destroy petitioner's life in a printed out text message; which the court of appeal has. Evidence was not collected on the purported date included in the indictment. Complainant was also not wearing the clothes which her mother personally handed to the police officer informing him that he would find evidence in them. The complainant was not even present at the scene when evidence was being handed to the police by complainant's mother whom I was dating. All of these happened right after the complainant's mother had been intimate with petitioner, which she admitted in court under oath and even had access to the condom they shared in her house; not at the petitioner's apartment where the alleged assault is purported to have occurred. The indictment states that the alleged crime occurred on or around April 3 2012 at petitioner's apartment but evidence was personally handed to the

police by petitioner's girlfriend almost a week later in her house where she always got intimate with petitioner. The evidence in this case should have been suppressed based on these findings, unfortunately, that never happened. Failure to suppress the evidence led to a wrongful and unfair conviction and should be overturned. I implore the honorable court to grant this for I am innocent of any wrong doing or violation of the law.

## *2.* **The Court of Appeals' ruling that petitioner's appeal has no arguable grounds for review and that the appeal is frivolous is incorrect and therefore not grounds to ignore the requirements of CCP art. 38.23. and Ch. 14-27.10**

Petitioner was unfairly charged and the case was not proven beyond reasonable doubt as stipulated by our law. The appeals court misapplied precedent and misconstrued statute. Proof of sexual assault and penetration requirements must be met as per Ch. 14-27.10 of the CCP and that tainted evidence should not be adduced in trial as per CCP art. 38.23. These are pertinent legal elements that apply to my case and are arguable grounds especially on a case of this nature. The medical exam

showed no physical evidence of sexual assault, no epithelial tissue cells from petitioner on evidence tendered, no hair, no bruises, no redness or tearing. The dates stipulated on the indictment are completely different from the dates that evidence was collected. False testimony that is easily proven and inconsistent statements by complainant are all grounds for an appeal, including the failure to suppress illegally obtained evidence that was tainted are serious grounds for an appeal as per our laws.

**3. The improper jury charge resulted in a wrongful conviction.** The improper and untrue jury charge resulted in a wrongful conviction. The Jury charged and convicted petitioner with sexual assault by penetration which was untrue and unfounded contrary to Ch. 14-27.10 of the CCP which requires proof of penetration and be proven beyond reasonable doubt. Even when there was a hung jury twice, and there was no evidence what-so-ever physically and no epithelial cells from petitioner's skin cells was found on evidence tendered; which would normally have triggered an actual innocence probe on the part of the jury, and cleared petitioner of any wrong doing. Nothing was ever

proven because no crime was ever committed. The prosecution wanted a conviction by all means possible, not caring about the innocence of the petitioner or even a proof beyond reasonable doubt as stipulated by statute. The illegal acquisition of evidence was not questioned by any authority and was used to convince the jury into an unfair conviction. This conviction cannot stand.

4. Inconsistent statements and lies under oath (perjury) made by the complainant contrary to sections 37.06 and 37.02 of the CCP leading to a conviction. When the complainant was asked by the medical examiner if petitioner had touched her in any part of her body, she said no but during trial she answered, yes and went ahead to say that petitioner had assaulted her on the 3rd of April 2012 and that she had told her mother the same day and they had proceeded to the police that same day, when asked during cross examination; is clearly not true as court records show that all of that was tendered almost a week later after complainant's mother had acquired her illegal and tainted evidence, and coached complainant on what to tell the police. The State's pretrial investigative

19

procedure was so impermissibly suggestive that it created false testimony while **suppressing exculpatory evidence** [Ex parte Bradley, 781 SW2d 886,894 (Crim. App.1989)]

5. **Tampering with and fabricating evidence (tainted)** by complainant's mother contrary to sec. 37.09 of the CCP leading to a conviction. Evidence in this case was improperly and illegally collected. Complainant's mother who was dating petitioner personally called the police on a day not mentioned in the indictment and handed them some clothing supposed to belong to her daughter, who was not wearing them and was not even present when the clothing was being collected by the police in her house and not petitioner's apartment. Petitioner's apartment is supposed to be the alleged crime scene, yet evidence was collected miles away from a third party without complainant wearing them. Tampering with such evidence and personally handing them to the police was a clear violation of the law and led to an illegal conviction. I pray that the higher court see these facts and reverse this unfair conviction. Complainant's mother knowing full well that she had

tampered with the clothes she was handing over to the police, made sure she personally handed a shirt, pant, and panties, saying that the police would find evidence in them. This malicious act of complainant's mother is totally illicit and that evidence was not ordered suppressed by the trial court, leading to a conviction. This evidence was never collected at the alleged crime scene, not even on the alleged day of the purported assault. This conviction cannot stand.

6. **Jury probes and the failure to raise a valid legal claim** that necessarily would have resulted in a reversal apparently also **constitutes ineffective assistance** by trial and appellate Counsels see Ex parte Daigle, 848 S.W.2d 691, 692 (Crim. App. 1993) Although there is no limit to the acts and omissions of defense counsel that may give rise to a colorable claim of ineffective assistance, the following is a compilation of some of the most common areas in which relief has been granted: 1. Failure to object to inadmissible evidence:

Inadmissible hearsay [Alvarado v. State, 775S.W.2d 851, 857 (Tex. Crim. App.—SanAntonio 1989, pet. ref.)]." Petitioner's trial attorney

failed to object to evidence tendered at trial, and fundamental error when during cross examination of the complainant she insisted that she had reported the alleged sexual assault to her mother and they had proceeded to the police and then to the hospital that same day. There was no sign of sexual assault or proof of penetration in this case. The omission and failure to object to fundamental error, led to a wrongful conviction. Appellate counsel after receiving a letter from petitioner about this error still failed to mention it in his Anders' brief including petitioner's grounds for his appeal. Appellate counsel failed to look at the crucial aspects pointed out to him by petitioner about the tainted evidence and false testimony, but went ahead to ask for $7500 before any representation what-so-ever. Please see his letter to petitioner about this issue with court of appeal. Leaving an offense element out of a jury charge, verdict, such as penetration is a **"fundamental error"** and always results in **reversal of a conviction**), *Sanchez v. State*, 182 S.W.3d 34 (Tex.App. – SanAntonio 2005), *affirmed* 209 S.W.3d 34 (Tex.Crim.App. 2006)(same). In this case, the jury charge was unfair and improper because it was only charged with requiring the State to

22

prove elements [1A] and [1B] of the offense. The indictment contains the relevant portion of the Jury Charge in this case complainant. These errors are sometimes called "egregious errors." Courts assess harm from such errors carefully, and decide whether they: (1) affect the very basis of the case, (2) deprive the defense of a valuable right [such as having the jury charged using correct law?], or vitally affect a defensive theory. *Warner v. State*, 245 S.W.3d 458, 462 (Tex.Crim.App. 2008). See also *Taylor v. State*, 332 S.W.3d 483, 489 (Tex.Crim.App. 2011)(same) and *Almanaz v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)(case discussing the process for addressing jury charge errors). This analysis was not performed by the Court of Appeals and trial court. See Appellant's Brief. These errors cannot be under looked.

A defendant does not have to overcome the ***possibility*** that the jury may have ruled as it did because of the evidence; that is another fool's errand and contrary to actual law: It is also well established that a conviction based on circumstantial evidence cannot be sustained if the circumstances ***do not exclude every other reasonable hypothesis except that of the guilt of the accused***, and proof amounting only to a strong

suspicion or mere probability is insufficient. *Waldon v. State*, 579 S.W.2d 499, 502 (Tex.Crim.App.1979)(emphasis added). Here, there is a far more reasonable hypothesis about what is purported to have happened other than guilt – especially in light of the jury's question – which proves reasonable doubt due to insufficient evidence.

The jury asked the question about scienter regarding the definition of sexual assault and penetration even though the trial court made no difference to their direction toward which the case was already moving. That is, since the jury had already inferred that petitioner intentionally went to his apartment under a false claim although it was well established that petitioner had called complainant's mother telling her he would need to collect his laptop for work as he had been abruptly called to fill in at work that night; yet, the court was merely *curious* as to whether that was something of causal ingredient to the charge. This makes no sense. Inferring what a jury did must be based on logic, or else we can just accept whatever our imaginations can dream up as a "reason" why they did what they did.

24

In that world, sufficiency-of-the-evidence review becomes entirely meaningless. Juries have wide latitude, but they are not altogether unrestrained in coming to their decisions. It defies logic to conclude that the jury did what the Court of Appeals purports it might have done. Better is to consider the logic behind the jury's question and infer from that the basis for its question in the first place. When that is done, it is clear that the jury did *not* believe petitioner actually did and unlawfully penetrate the vagina of the complainant. Then, when the trial judge refused to confirm that scienter was an element of the offense, they convicted on the single element the charge provided: [1A] knowledgeable penetration [1B] and force. The charge did not tell the jury they had to find proof of both elements of the offense, and the trial court failed to so inform them in response to the jury question. These are both fundamental, egregious errors that resulted in a conviction for Sexual assault of a child against a man whom the jury almost-certainly found had no idea if petitioner actually committed any offence against our laws at all. Leaving out required elements from the charge is a fundamental error per *Dinkinsv.State*,894S.W.2d330,339(Tex.Crim.App.

1995), and *Evans v. State*, 606 S.W.2d 880, 883 (Tex.Crim.App. 1980), *overruled o.g., Woods v. State*, 653 S.W.2d (Tex.Crim.App. 1980)("A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective"). See also ***Sanchez, supra*** (defendant's conviction for sexual assault reversed because the charge did not require the jury to find that the defendant knew.

## PRAYER FOR RELIEF

Your honors, I humbly pray that his petition be granted and that I get this wrongful conviction overturned, or that a new trial is granted, and this unfair conviction be cleared from my record. I have difficulties thriving and I am in total misery for something that never actually happened. I have been wronged by my accusers as they set me up and I humbly implore the court to use insight in this matter and see that there was no law broken by me neither was any crime committed. I humbly ask to be vindicated as a result of such findings. It would require the help of you all as the Honorable Judges of this respectable Court, to see through the lies perpetrated against me by these people accusing me of any wrong doing using fabricated evidence against me. I ask again, for your bravery in standing up, against the injustices that they have done to me, which have irrevocably changed my life for the worse, more than they will ever know. The evidence adduced during trial following its illegal acquisition by the police on a date not inscribed on the indictment speculating an alleged assault, directly from a person whom petitioner

was dating, and had problems with at the time, in her own house, clothes which were not being worn by complainant at the time, and complainant not even present when evidence was being collected, should be ordered suppressed. The conviction was based on tainted evidence and false testimony and should be reversed and judgment of acquittal ordered per *Waldon,* 579 S.W.2d at 502. The State intentionally suppressed evidence favorable to petitioner [Ex parte Lewis, 587 S.W.2d 697, 701 (Tex. Crim. App. 1979)] and knowingly used perjured testimony to secure the applicant's conviction [Ex parte Adams,768 S.W,2d 281,293 Crim. App. 1989)] Also, the State's pretrial investigative procedure was so impermissibly suggestive that it created false testimony while suppressing exculpatory evidence. The error in the jury charge lacking proof of penetration and perjured testimony cases should be corrected for all future cases especially in cases where penetration was clearly doubtful and unfounded as per the CCP 14-27.10 where proof of penetration and actual sexual assault in such cases is required for any conviction to be passed. Also where false testimony, tainted evidence

28

and perjury exist, relief and vindication should thrive. Petitioner also requests such other and further relief as is just.

**RESPECTFULLY SUBMITTED:**

Ayunwi Meme Fuh

14918 Havenridge dr

Houston Tx 77083

**Memefuh400@yahoo.com**

**PETITIONER**

## CERTIFICATE OF SERVICE OR DELIVERY

I hereby certify that on April 29th, 2015, a copy of the foregoing Petition for Discretionary Review was served on the following by certified mail, return receipt requested:

Ayunwi Meme Fuh

14918 Havenridge dr

Houston, Texas 77083

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition conforms to the requirements of TRAP 9, and consists of 4,499 words per TRAP 9.4(i)(2)(D).

Ayunwi Meme Fuh.

30

# IN THE TEXAS

# COURT OF CRIMINAL APPEALS

AYUNWI MEME FUH,

Petitioner,

Vs.                                                         No. 01-13-00494-CR

THE STATE OF TEXAS,

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPENDIX –

## PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Index:**

Court of Appeals Opinion dated April 9, 2015 and Judgment attached

Jury Question and trial court's response pg. 23-26

31



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-13-00494-CR

AYUNWI MEME FUH, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 230th District Court of Harris County. (Tr. Ct. No. 1354773).

This case is an appeal from the final judgment signed by the trial court on June 5, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered April 9, 2015.

Per curiam opinion delivered by panel consisting of Chief Justice Radack and Justices Brown and Lloyd.

Opinion issued April 9, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

## NO. 01-13-00494-CR

_____

**AYUNWI MEME FUH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1354773

## MEMORANDUM OPINION

A jury convicted appellant Ayunwi Meme Fuh of the offense of sexual

assault of a child under seventeen years of age and assessed punishment at two

years' confinement in TDCJ. *See* TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), 12.33 (West 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824,

2

826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Don R. Cantrell must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). All pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).