RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 07 2015

Abel Acosta, Clerk

84,326-01

Cause No. 914922-A

Ex parte

Deon Lewis Peterson

Applicant

In the 183rd District

Court of

Harris County, Texas

APPLICANT'S OBJECTION TO THE STATE COURT

PROPOSED FINDING OF FACT, CONCLUSION OF LAW AND

THE AFFIDAVIT OF JUANITA A. JACKSON

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Applicant Deon Lewis Peterson, pro se, by way of objection to the State's November 2, 2015 proposed finding of facts and conclusion of Law asserting that the court finds there are no controverted, previously unreasolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing. (See ex parte Peterson proposed finding (at 1).

I.

Applicant points out and assert that the state court proposed finding of fact and conclusion of Law that was submitted before the court under application no. 914922-A in style ex parte Peterson dated November 2, 2015 and teh affidavit of counsel Juanita A. Jackson dated October 29, 2015 which was submitted also under attached exhibit c if adopted would be both unreasonable and contrary to Applicant's ineffective assistance of counsel on appellate counsel in the light of Evitts v. Lucey 469 U.S. 387, 402-03, 105 Sct. 830, 83, L.Ed.2d. 821 (1985) and ex parte Diagle 848 S.W.2d. 691, 692 (Tex. Crim. App. 1993) and also Applicant's ineffective assistance of counsel claims on trial counsel in the light of Strickland v. Washington 466 U.S. 668 (1984).

II.

The state in its finding at 2 5-10 acknowledge that Applicant claims in application ex parte Peterson consistt of claims of ineffective assistance of counsel on both appellate and trial counsel, which Applicant asserts that such finding, facts and conclusion of Law, is contrary and unreasonable to clearly establish Federal and Supreme Court Law and would be unreasonable in the iight of ex parte Maldanado 688 S.W.2d. 114, 116 Tex. Crim.

App. (1985) and ex parte Adams 768 S.W.2d. 281, 287-88 (Tex. Crim.App. 1989). Because Applicant has alleged facts which if proven true would entitle Applicant to relief, or more so a hearing as set out under T.C.C.P. Art. 11.03(c). Applicant further asserts that the state court finding, and facts as shown at ex parte Peterson (at 7) acknowledge that Applicant may have not desired on appeal to waive the trial court's allowance of venire member number forty to serve as a juror shown at slip op. at 2, 10, but failed to address such error as set out in ex parte Torres 943 S.W.2d. 649, 475 (Tex. Crim. App. 1997) which Applicant in teh light of Goodspeed. v. State 187 S.W.3d. 390, 391 (Tex. Crim. App. 2005), and Florida v. Nixon 543 U.S. 175, 125 Sct. 551, 560 L.Ed.2d. 565 (2004) met the requirements in ground one as shown in (Applicant's writ at 6-7) alleging that Appellate Counsel failure to challenge a valid claim on appeal with the challenge of venire member (40) would have resulted in a reverse as required in ex parte Daigle 848 S.W.2d. 691, 692 (Tex. Crim. App. 1993) which is unreasonable and contrary to the state's facts shown at ex parte Peterson at 7: 33-34 which allege that Applicant failed to show that a challenge of venire member 940) was clearly stronger than the issues presented by Appellate Counsel on direct appeal.

## III.

In regards to Applicant's ineffective assistance of counsel claim on trial attorney Juanita A. Jackson due to Applicant's second ground for relief, which Applicant claims that Jackson was ineffective for failing to challenge the empanalment of venire member number 40 as a juror as shown in Applicant's writ at 8-9, which the court in its facts asserted that Jackson reviewed the reporter's record to prepare her affidavit in the instant proceeding. See state's writ exhibit (c) the affidavit of Juanita A. Jackson. Also the state asserted that in her post-conviction review of the reporter's record, Jackson observed:

(A) there would have been a basis to challenge venire member number forty for cause based on his response that the defense "would have to rebut any evidence presented (III RR at 94).

(B) she had acknowledged this response by venire member number forty as if she intended to make a challenge III RR at 94; but

(C) she did not ultimately challenge venire member number forty's empanelment as a juror (III RR at 113-127).

At 4, 15 of the state's facts the state alleged that jackson did not deviate from her practice in the Applicant's case, which Applicant asserts this contention is both unreasonable and contrary in the light of Strickland v. Washington 466 U.S. 668, 694, 104 Sct.

2052, 80, L.Ed.2d. 674 (1984); Goodspeed v. State 187 S.W.3d. 390, 391 (Tex. Crim. App. 2005) and Florida v. Nixon 543 U.S. 175, 125 Sct. 551, 560, 160 L.Ed.2d. 565 (2004), entitling Applicant relief as set out in ex parte Adams 768 S.W. 281, 287-88 (Tex. Crim. App. 1989).

IV.

The state in relation to Applicant's remanding ineffective assitance of counsel claims teh state in its finding of facts, and conclusion of law argues that due to a long passage of time and asserted the doctrine of Laches as a defense, which Applicant asserts that such contention is contrary and unreasonable in the light of ex parte Alberto 398 S.W.2d. 206 (Tex. Crim. App. 2013) because the state failed under the Texas Common Law of Laches which typically requires proof by preponderance of Law only made an outcry and by no means met the two elements under the Texas Common Law doctrine as set out in ex parte Alberto 398 S.W.3d. 206 (Tex. Crim. App. 2013) because Applicant facts are rooted in the trial transcripts and record defecting any trial strategy under Strikland.

Prayer

Applicant prays that this court would adhere to ex parte Maldanado 688 S.W.2d. 114, 116 (Tex. Crim. App. 1985) and ex parte Adams 768 S.W.2d. 281, (Tex. Crim. App. 1989) and grant Applicant relief.

CERTIFICATE OF SERVICE

I, Deon Lewis Peterson, TDCJID #1162215, being presently incarcerated in the Institutional Division of the Texas Department of Criminal Justice, declare under the penalty of perjury that the foregoing is true and correct.

Executed on this date 11-30-15

Deon Lewis Peterson
TDCJ-ID #1162215
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Date 11-30-15

Deon Lewis Peterson
TDCJ-ID #1162215
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 07 2015

Abel Acosta, Clerk

Dear Clerk's; Chris Daniel and Abel Acosta

Pleas Find enclosed a copy of Applicant's objection to the State's November 2, 2015 proposed Finding of Facts and conclusion of Law and the Affidavit of trial counsel Juanita A. Jackson which I ask that you File and submit beFore the court under cause number 914922-A. I do thank you in advance For your assistance and effort.

Thank You.

Deon Lewis Peterson