

# In the Court of Criminal Appeals of Texas

Nos. WR-93,865-01, WR-93,865-02 & WR-93,865-03

EX PARTE JAMES REED III,

*Applicant*

On Applications for Writs of Habeas Corpus
Cause Nos. 05-95027-A, 05-95129-A & 05-95130-A
In the 252nd District Court
Jefferson County

YEARY, J., filed a dissenting opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

Today the Court grants post-conviction habeas corpus relief in three robbery convictions. TEX. CODE CRIM. PROC. art. 11.07. On March 29, 2007, Applicant pled guilty to all three robberies that had all occurred on May 14, 2005. He was placed on deferred adjudication

community supervision for eight years. The State later filed a motion to proceed to adjudication, which the trial court did on June 10, 2009, upon Applicant's plea of true to two of the violations of community supervision alleged in the State's motion to adjudicate. The trial court sentenced Applicant to a twenty-year sentence in each robbery case—the maximum prison time for these second-degree felony offenses. TEX. PENAL CODE §§ 29.02(b), 12.33(a). The trial court then ordered that the three twenty-year sentences be stacked, for a total of sixty years to serve in the state penitentiary.

Because the three robberies constituted "repeated commission of the same . . . offense[,]" and because they were prosecuted in "a single criminal action," Applicant argues that the three sentences should have been made to run concurrently. TEX. PENAL CODE §§ 3.01(2) & 3.03(a). In his post-conviction application for writ of habeas corpus, Applicant therefore contends that both his trial counsel and appellate counsel were constitutionally deficient in failing to raise this error, and that he was prejudiced by the cumulation orders. *Strickland v. Washington*, 466 U.S. 668 (1984). I do not disagree with the Court's conclusion that *appellate* counsel, at least, has proved constitutionally ineffective, since he filed an affidavit essentially admitting that his representation was deficient in failing to raise the cumulation issue on appeal.[1] But I do take issue with the Court's choice of remedy.

The Court has held that, while a defendant may indeed challenge an invalid cumulation order for the first time on direct appeal, he may

---

[1] Trial counsel filed an affidavit too, but he pled the passage of time and lack of an independent memory of the cases, and he did not confess to any deficiency in his performance.

not do so for the first time in post-conviction habeas corpus proceedings. *Ex parte Carter*, 521 S.W.3d 344, 348–49 (Tex. Crim. App. 2017); *id*. at 355 (Newell, J., concurring). A post-conviction habeas applicant cannot hope to have cumulation provisions in the judgment of conviction deleted if he fails to complain about them until collateral attack. *Id*. In fact, that is what made Applicant's *appellate* counsel constitutionally ineffective in this case: he did not challenge the cumulation provisions in the judgment for the first time on appeal when he could have, even though trial counsel failed to raise the issue. And yet, the remedy that the Court fashions today is identical to that which it would have granted had Applicant directly challenged the cumulation provisions on appeal; to simply delete those provisions. That seems anomalous to me: to grant the very same relief that we would grant were the issue of cumulation directly cognizable in post-conviction habeas corpus proceedings. So much for our holding in *Carter*!

Rather than delete the cumulation provisions from the trial court's judgment, I would grant Applicant an out-of-time appeal in which he can challenge them in the regular course of appellate proceedings, since the ineffectiveness of his appellate counsel deprived him of that opportunity before.[2] *See Ex parte Daigle*, 848 S.W.2d 691,

---

[2] On direct appeal, appellate counsel filed an *Anders* brief, having failed to perceive any arguable error apparent from the appellate record. *Anders v. California*, 386 U.S. 738 (1967). After its independent review, the court of appeals also failed to perceive any error in the cumulation provisions of the trial court's judgment, granting appellate counsel's motion to withdraw, and it affirmed the convictions. *Reed v. State*, Nos. 13-09-00388-CR thru 13-09-00390-CR, 2010 WL 3279528 (Tex. App.—Corpus Christi Aug. 19, 2010) (mem. op., not designated for publication). An out-of-time appeal would allow the lower court to take another look.

692 (Tex. Crim. App. 1993) (holding that "[t]he proper remedy" for a claim of ineffectiveness of appellate counsel "is to return the Applicant to the point at which he can give notice of appeal"). It would then be within the authority of the court of appeals to delete the cumulation provisions in the judgments, if appropriate. *See* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified[.]"); *Carter*, 521 S.W.3d at 347 ("An improper cumulation order may be remedied by reformation on appeal[.]").[3]

---

[3] Insofar as I can tell, Applicant's three twenty-year sentences were not the product of a plea bargain at the adjudication stage of the proceedings, and it is hard to imagine what possible advantage counsel at that stage could have obtained for his client by bargaining for maximum sentences and waiving Applicant's right that they be made to run concurrently. There is no suggestion in the record that Applicant committed any *other* offense the prosecution for which the State could have forsaken as an incentive for such a bargain. Thus, it seems reasonably clear that Applicant will eventually obtain his relief in a renewed direct appeal. *See Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (recognizing that ineffective assistance of trial counsel may be established on direct appeal if trial counsel's performance was "so outrageous that no competent attorney would have engaged in it") (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

It might be argued that we should simply cut to the chase and delete the cumulation provisions in the name of judicial economy. But not every case of ineffective assistance of counsel for failure to raise an invalid cumulation order will prove as cut and dried as this one seems to be. This Court should not fall into the habit of modifying judgments of conviction to delete such orders as a matter of course in post-conviction habeas corpus proceedings.

In fact, Applicant's claim of ineffective assistance of *trial* counsel may also be so cut and dried—just on the appellate record alone—that *that* claim could have been raised on direct appeal. But claims that could have been raised on direct appeal, but were not, are not ordinarily subject to review on collateral attack. *See Carter*, 521 S.W.3d at 348 ("If an applicant could have appealed the issue he now asserts on habeas, the merits of his claim should not be reviewed."). Thus, it may be that ineffective *appellate* counsel is the *only* issue legitimately before the Court at this time—in which case the appropriate remedy would definitely be as I have described it in the text: an out-of-time appeal.

Because the Court does not follow this more appropriate remedial path, I respectfully dissent.

**FILED:**                                      September 21, 2022
**PUBLISH**